MARIO DE JOSEPH et al., Appellants, *v.* WILLIAM A. GUTEKUNST, Respondent.

Fourth Department, May 18, 1961.

*Frederick M. Marshall* (*John F. Canale* of counsel), for appellants.

*Gleason, Fitzpatrick, O'Connor & O'Brien* (*Lawrence H. Wagner* of counsel), for respondent.

*Per Curiam.* The plaintiffs appeal from a judgment of dismissal entered upon a jury verdict of no cause of action.

The plaintiff wife had brought her car to a stop on a town highway, on May 1, 1956, for the purpose of picking up the family dog. The children in the car tried to coax the dog to come into the car. One of the children had just jumped out of the car to get the dog when the car was struck in the rear by the defendant's car. The plaintiff's car had been standing still for five or six minutes before it was struck.

The defendant claims that he did not see the plaintiff's car prior to the collision because " The sun was very bright and there was a glare ". Nevertheless, the defendant did not have the sun visor of his car down as he approached the scene of the accident. The defendant was clearly guilty of negligence; if

the jury's verdict was based upon any finding to the contrary, it was against the weight of the evidence. The serious question in the case was whether the plaintiff wife was guilty of contributory negligence.

The court charged the jury: " Section 58-a [Vehicle and Traffic Law] says: No motor vehicle shall be parked or left standing on the paved portion of any State highway, County road, or Town highway outside of cities and incorporated villages, except in an emergency ". At the conclusion of its charge, the trial court further charged at the request of the defendant's counsel that, if the jury find " that the plaintiff was stopped on the highway in violation of Section 58-a, and that violation was in any manner or any degree the cause of the accident, that that amounts to negligence as a matter of law and the jury must bring in a verdict of no cause of action ".

The court failed to call the jury's attention to the definition of the words " park " and " left standing ", the words used in section 58-a. They are defined in section 2 of the Vehicle and Traffic Law. The word " park " is defined in subdivision 20 of section 2 as meaning " the stopping of a motor vehicle or motor cycle upon any public highway and leaving such motor vehicle or motor cycle unattended by a person capable of operating it, for a period longer than necessary to load or unload passengers or freight ". Subdivision 20-a of section 2, as added by chapter 340 of the Laws of 1953, reads: " ' Stand ', ' standing ' or ' left standing ' shall mean the stopping of a motor vehicle or motor cycle upon any public highway when such vehicle shall be occupied by persons capable of operating it, for a period longer than necessary to load or unload passengers or freight, except   *   *   * ' ".

The deficiency in the court's main charge was compounded by its granting of the defendant's request which erroneously used the word " stop " in referring to the statutory prohibition. It will be noted that under section 58-a, as it read at the time of the accident, the mere stopping of a motor vehicle on the paved portion of the highway was not prohibited. Stopping was prohibited only if it amounted to parking or leaving the automobile standing, within the definition of those terms in section 2. Obviously the car was not parked. The question was whether it had been left standing for a period longer than necessary to load or unload passengers or freight.

The court's charge left the jury with the impression that if the plaintiff had stopped on the paved portion of the highway for a period of five minutes for any purpose, she was guilty of

violating the statute, in the absence of a showing that an emergency existed. This was, of course, erroneous. Stopping for five minutes to pick up the dog might well have been found by the jury to be a stop for a period no longer than necessary to load or unload passengers or freight, within the meaning of subdivision 20-a of section 2, if that question had been properly submitted to the jury.

[It should be noted that under the new Vehicle and Traffic Law, chapters 775 and 776 of the Laws of 1959, in effect October 1, 1960, section 58-a has been replaced by section 1200 (renumbered section 1201 by chapter 148 of the Laws of 1960). The word " stop " has been added to the section so that the prohibition now reads: " Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles ". The Reviser's note to section 1201 states that it modifies the pre-existing law in several respects. It relaxes " somewhat the present rule by prohibiting the stopping, standing or parking of a vehicle on the paved portion of a roadway only when there is a shoulder on which the vehicle may be stopped, or where there is no shoulder but the roadway is so narrow that the stopping of a vehicle would obstruct or interfere with the use of the highway by other traffic ". However, the law is made stricter in another respect. The pre-existing law " leaves untouched vehicles loading and unloading. The proposed law would define stopping to mean any cessation from movement ' except to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic control signal ' (section 147). The proposed law, therefore, would not permit loading or unloading as does the present law ".]

While no exception was taken by the plaintiffs' counsel to the court's charge or to the granting of the defendant's request to charge, the error, in our opinion, was a fundamental one and we take cognizance of it in the exercise of our power to reverse and to grant a new trial in the interests of justice (*Siekierski* v. *Derleth,* 13 A D 2d 715; *Storms* v. *City of Fulton,* 263 App. Div. 927; *Gambino* v. *Lucas & Co.,* 263 App. Div. 1054; *Molnar* v. *Slattery Contr. Co.,* 8 A D 2d 95; *Boerio* v. *Haiss Motor Trucking Co.,* 7 A D 2d 228; *Cohen* v. *Gilbert,*

12 A D 2d 301; 9 Carmody-Wait, New York Practice, pp. 570–571).

The judgment appealed from should therefore be reversed on the law and the facts and a new trial should be granted, with costs to the appellants to abide the event.

WILLIAMS, P. J. (dissenting). Although the quotation from section 58-a of the Vehicle and Traffic Law given in the charge was somewhat incomplete, in my opinion it was not erroneous. It is obvious that plaintiff driver violated this section. Although the car was not " parked " as defined in the Vehicle and Traffic Law, it was, in my opinion, " left standing " as that term is defined in subdivision 20-a of section 2 of said law. Section 58-a is violated when a vehicle is stopped on a public highway, occupied by persons capable of operating it, " for a period longer than necessary to load or unload passengers or freight ". In the present case the car was not stopped " to load or unload passengers or freight ", but rather to coax the family dog into the car. Although one passenger did alight from the car just prior to its being struck, this was merely incidental to inducing the dog to enter the car. Therefore, the facts do not bring the plaintiff's acts within the statutory exceptions from the effect of section 58-a and the failure to charge such exceptions was not error. Further, plaintiffs took no exception to the charge and made no requests. Assuming, however, that it be construed that there was a " loading or unloading passengers or freight ", I do not believe that taking five to seven minutes to do so is a reasonable length of time under the circumstances of the case. Furthermore, although the shoulder of the highway was measured at over 13 feet in width by the defendant, plaintiff chose to stop her car partly on the highway and made no effort to drive it onto the shoulder. The question of plaintiffs' contributory negligence was for the jury. I find no reversible errors in the charge.

All concur except WILLIAMS, P. J., who dissents and votes for affirmance, in a separate memorandum.

Present — WILLIAMS, P. J., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.