■ LORENZO HERNANDEZ, Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [819 NYS2d 264]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 27, 2005, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In an action for personal injuries arising from an automobile accident, plaintiff obtained a judgment in the amount of $42,675, which he seeks to recover from the insurer of one of the defendants in that action, on the ground that the insurer's disclaimer of liability was untimely as a matter of law, pursuant to Insurance Law § 3420 (d), and therefore of no effect. The motion court properly held that since neither plaintiff nor the insured ever notified the insurer of the accident, the insurer had no duty to disclaim liability, notwithstanding that it was made aware of the accident by counsel to one of the insured's codefendants in the personal injury action (*see Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40 [2002]).

*First Fin. Ins. Co. v Jetco Contr. Corp.* (1 NY3d 64 [2003]), cited by plaintiff, is distinguishable. Although *First Financial* also involved a situation where the insured or injured claimant failed to notify the insurer of the underlying claim, and the insurer ultimately learned of the claim from a third party, the issue regarding the source of the notice apparently was not raised in that litigation. Thus, contrary to plaintiff's argument, *First Financial* cannot be read to stand for the proposition that

the duty to disclaim generally will be triggered when notice of the claim is received from a third party.

In any event, *First Financial* is distinguishable because the insurer took the unusual step of acknowledging in writing that it had received late notice of the claim from another source and that it was reserving the right to deny coverage on the basis of untimely notice (*id.* at 66). Given the insurer's express acknowledgment of the claim, the Court of Appeals concluded that the duty to disclaim had been triggered (*id.* at 69). The insurer's acknowledgment, moreover, effectively rendered notice of the claim pointless. In this case, however, the insurer was never provided with the required notice from the insured and/or claimant, nor did it ever acknowledge an awareness of the claim or a basis for disclaimer prior to issuing the actual disclaimer. In these circumstances, the duty to disclaim was never triggered. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.