[879 NYS2d 100]

J.T. MAGEN, Respondent, v HARTFORD FIRE INSURANCE COMPANY et al., Appellants, et al., Defendants.

First Department, May 14, 2009

APPEARANCES OF COUNSEL

*Lawrence, Worden, Rainis & Bard, P.C.*, Melville (*Roger B. Lawrence* and *Mary Beth Reilly* of counsel), for appellants.

*Law Office of James J. Toomey*, New York City (*Eric P. Tosca* of counsel), for respondent.

## OPINION OF THE COURT

RENWICK, J.

The issue before us is whether the prompt disclaimer requirement of the Insurance Law is triggered when an insurance carrier receives the notice of claim from another insurance carrier on behalf of a mutual insured asking that the insured be provided a defense and indemnity. In light of the apparent confusion on this issue, we take the opportunity to reiterate and clarify our holding in *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.* (27 AD3d 84 [2005]), which is dispositive.

## Background

This insurance dispute arose out of injuries allegedly sustained by Richard Seifert when he tripped and fell on July 6, 2004, at a construction site owned by the New York City Industrial Development Agency (IDA) and Magen David Yeshiva. The owners hired plaintiff J.T. Magen as their construction manager. Plaintiff, in turn, hired defendant William Erath & Son as one of its subcontractors on the job. The injured worker was employed by Erath.

In the contract between plaintiff and Erath, the latter agreed to indemnify and hold the former harmless for personal injuries arising out of Erath's work. The contract also called for Erath to provide liability coverage of no less than $4 million, naming plaintiff, the Yeshiva and IDA as additional insureds. To fulfill its obligations, Erath secured such a policy from defendant Hartford. At the time of the accident, plaintiff was the named insured under a commercial liability policy issued by St. Paul Travelers Insurance (Travelers).

On May 9, 2005, worker Seifert commenced a personal injury action against various defendants, including plaintiff herein, the

Yeshiva and IDA. Plaintiff notified its insurance carrier, Travelers, of the occurrence. By letter dated June 24, 2005, Travelers advised Hartford of the underlying action and requested that Hartford defend and indemnify plaintiff, IDA and the Yeshiva as additional insureds under the policy Hartford had issued to Erath. By letter dated August 10, 2005, Hartford contended that Travelers' tender letter had failed to include a copy of the summons and complaint in the underlying action. Although it claimed a copy of the summons and complaint had been included in its tender letter, Travelers nonetheless mailed Hartford another set of the pleadings on August 16, 2005. Fifty-one days later, by letter dated October 6, 2005, Hartford informed Travelers that it was disclaiming coverage on the ground that plaintiff, IDA and the Yeshiva had failed to comply with the policy requirement that they provide notice "as soon as practical" of any "occurrence" that might result in damages covered under the policy, even if no demand has been made against them. A copy of the disclaimer letter was also sent to the additional insureds.

Plaintiff commenced this action against Hartford, among others, seeking a declaration that Hartford owes it, and nonparties IDA and the Yeshiva, a defense and indemnification with respect to the underlying personal injury action brought against them by the injured worker. Hartford then brought the instant summary judgment motion to dismiss the complaint on the ground that plaintiff had failed to comply with the insurance contract's notification provision. Plaintiff cross-moved for a declaration that as an additional insured under the policy, it was entitled to a defense by Hartford, which, it argued, was estopped from disclaiming coverage pursuant to Insurance Law § 3420 (d). Hartford countered that the provision does not apply as between insurers. Because Travelers' tender was made on behalf of plaintiff, the insured, Supreme Court found the case law making Insurance Law § 3420 (d) inapplicable to insurers to be inapposite. Accordingly, the court granted plaintiff's cross motion, concluding that Hartford was precluded from disclaiming coverage on the ground of late notice.

## Discussion

Under Insurance Law § 3420 (d) (2), an insurer wishing to disclaim liability or deny coverage for death or bodily injury must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage." A failure to

give such prompt notice precludes an effective disclaimer or denial (*Matter of Firemen's Fund Ins. Co. of Newark v Hopkins*, 88 NY2d 836, 837 [1996]). However, an insurance carrier's duty to timely disclaim is not triggered until an insured satisfies a notice of claim provision in an insurance contract, because that provision is a condition precedent to coverage, and absent a valid excuse, the failure to satisfy the notice requirement vitiates the policy (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 239 [2002]; *Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426, 427 [1993]).

We hold that the tender letter insurer Travelers wrote on behalf of plaintiff and others to insurance carrier Hartford—asking that their mutual insureds be provided with a defense and indemnity, as additional insureds under the policy issued to Erath—fulfills the policy's notice of claim requirements so as to trigger the insurer's obligation to issue a timely disclaimer pursuant to Insurance Law § 3420 (d). Indeed, as Supreme Court properly pointed out, this is precisely the implication of our ruling in *Bovis*, where we held that only the tendering carrier did not get the benefit of section 3420 (d) from a tendering letter it sent on behalf of its insured because that section does not apply to claims between insurers.

A somewhat detailed discussion of the case is required to determine adequately its applicability to the case at bar. In *Bovis*, Columbia University decided to build a new building and hired Bovis as its construction manager. Bovis, in turn, hired Millennium Masonry as one of its subcontractors on the job. Dennis Winter worked for Millennium. In September 2002, Winter was injured on the job when he fell from a height. Two months later, Winter commenced a personal injury action against Columbia and Bovis. Bovis was insured by National Union Fire Insurance Company, and Columbia was an additional insured under that policy. Royal Surplus Lines Insurance Company insured Millennium, and Bovis and Columbia were named as additional insureds under that policy.

On February 28, 2003, National wrote to Royal, tendering to Royal, on behalf of Bovis and Columbia, the notice of its obligations to defend and indemnify both Bovis and Columbia. While National awaited Royal's response to its tender, National hired attorneys to defend Bovis and Columbia. Sometime in late May, Royal wrote back to National, rejecting the tender. Royal's basis for this disclaimer was a "New Residential Work or Products"

exclusion in its policy with Millennium. National received this disclaimer letter on May 21, 2003. A month earlier, National, Bovis, and Columbia had commenced an action against Royal, seeking a declaration that, pursuant to its policy covering Millennium, Royal was obligated to defend and indemnify Bovis and Columbia in the personal injury lawsuit. National also sought reimbursement of all defense fees it had incurred between the tender and the commencement of the lawsuit.

Royal then moved for summary judgment in the declaratory judgment action, arguing that the "New Residential Work or Products" exclusion in its policy excused Royal from any obligation to defend or indemnify its own insured (Millennium) as well as the additional insureds (Bovis and Columbia). In opposition, National argued that Royal's disclaimer was untimely under Insurance Law § 3420 (d). Therefore, National argued, Royal could not rely on the exclusion and was obligated to defend and indemnify both Bovis and Columbia. Royal countered that section 3420 (d) only requires insurance companies to be timely in response to an insured's claim—not in response to a tender from another insurer; in other words, assuming arguendo that its disclaimer was late, it could still argue the applicability of the exclusion.

In the declaratory judgment action, National was not the only plaintiff; Bovis and Columbia were also plaintiffs, and must receive the protections of section 3420 (d) as additional insureds under the Royal policy because they were also "prospective claimants." Royal was thus under a legal obligation to timely disclaim pursuant to the statute. The question then became whether Royal's disclaimer was timely. We held that Royal's delay of somewhere between 36 and 60 days in issuing the disclaimer, after having received "sufficient facts" to render a coverage decision, was unlawful. Therefore, Royal was responsible for the defense and indemnity of both Bovis and Columbia.

National, however, did not get the benefit of Insurance Law § 3420 (d). In the declaratory judgment action, National was also a plaintiff. From the time it assumed the defense and indemnity of Bovis and Columbia in the personal injury action, it had accrued significant attorney's fees, and it wished to recoup those expenses. Because National—unlike Bovis and Columbia—was not a prospective claimant to whom the benefits of section 3420 (d) were intended, we held it could not receive the

automatic benefit of Royal's untimely disclaimer (27 AD3d at 87-88).[1]

The *Bovis* case is consistent with other New York decisions—including this Court's—that Insurance Law § 3420 (d) does not apply to claims between insurers. For instance, prior to *Bovis*, courts held that section 3420 (d) is inapplicable to a request for pro rata contribution between coinsurers (*see e.g. Tops Mkts. v Maryland Cas.* [appeal No. 2], 267 AD2d 999, 1000 [1999]; *Thomson v Power Auth. of State of N.Y.*, 217 AD2d 495 [1995]). In *Bovis*, we extended this rule to an insurer's request for a full defense and indemnity. In doing so, however, we distinguished between an insurer's own claim for a defense and indemnity and a tender letter by an insurer on behalf of its insured (27 AD3d at 87).[2]

More recently, in *Bovis Lend Lease LMB Inc. v Garito Contr., Inc.* (38 AD3d 260 [2007]), we were again faced with nearly identical facts—an insurance carrier's letter advising another insurance carrier of the underlying personal injury action instituted against a mutual insured and requesting that the recipient insurance carrier defend and indemnify their mutual insured. Again we found that the notice triggered the prompt disclaimer requirement with regard to the mutual insured. In *Garito*, plaintiff Bovis, a general contractor, sought a declaration that it should be covered as an additional insured under the policy issued by defendant Twin City to Bovis's subcontractor, Garito. In opposition to the plaintiff's motion for summary judgment, defendant Twin City did not submit any evidence that it timely disclaimed coverage on the basis of the alleged late notice provided. Instead, like the defendant here, Twin City

---

1. This Court thus focused its attention on the basis for the Royal disclaimer, i.e. the applicability of the "New Residential Work or Products" exclusion, which, by its terms, applied to injuries arising out of Millennium's work "associated with new residential property" (*id*. at 93). "[N]ew residential property" is defined in the exclusion as "apartments, single family and multi-family dwellings, condominiums, and townhouses" (*id*.). We found that the "Columbia University School & Faculty Residence" was a mixed-use building (*id*. at 94). By its terms, the exclusion applied to residential property and not to mixed-use property. Therefore, Royal's disclaimer was invalid as a matter of law. National was thus entitled to recoup all of its incurred defense costs in the personal injury action from Royal.

2. In fact, in *Bovis*, we specifically ruled that the disclaimer letter issued in response to an insurer's tender of a defense and indemnity on behalf of its two insureds was untimely under section 3420 (d), and that the issue of whether the disclaimer letter was substantively valid thus need not be reached with respect to the two insureds.

argued that the prompt disclaimer requirement of section 3420 (d) did not apply because the notice of claim had been effectuated by Bovis's insurance carrier, AIG. We rejected that argument, as we had done in the seminal *Bovis* decision, by upholding Supreme Court's declaration that Twin City must provide primary coverage to Bovis as an additional insured under the policy issued to Garito.

The dissent's attempt to remove this case from the ambit of *Bovis* and its progeny is not persuasive. For instance, the dissent argues that *"Bovis . . .* lacks precedential value" because "the case does not even mention, let alone discuss, the source of the notice received by the insurer." However, in *Bovis*, this Court explicitly noted that "[b]y letter dated February 28, 2003, National Union tendered the defense and indemnification of Bovis and Columbia to Royal" (27 AD3d at 86). Therefore, contrary to the dissent's allegations, *Bovis* involves the same factual scenario we face here, where an insurance carrier receives the notice of claim from another insurance carrier on behalf of a mutual insured, asking that the insured be provided a defense and indemnity.

Likewise, the dissent lacks any factual or legal basis in averring that the real party in interest in this case is Travelers. In fact, it is undisputed that Travelers' tender letter of June 24, 2005 was sent on behalf of plaintiff, IDA and the Yeshiva, seeking coverage for them with respect to the underlying personal injury action. Moreover, unlike *Bovis*, where one of the plaintiffs seeking declaratory relief was an insurer, the only plaintiff in this action is J.T. Magen, which seeks a defense and indemnification from Hartford. Travelers has not asserted any claim against Hartford for monetary relief covering the costs it incurred in the underlying personal injury action.

Finally, defendant Hartford has not made any attempt to justify its 45-to-50-day delay in disclaiming coverage of the underlying accident. Indeed, it has not even suggested that the letter tendering notice of the claim against plaintiff, IDA and the Yeshiva did not provide it with sufficient facts to disclaim coverage on any basis. Rather, misinterpreting the import of *Bovis*, Hartford argues that Insurance Law § 3420 (d) is inapplicable since the tender letter was from an insurer and the statute does not require a prompt response to claims asserted by other insurers. We thus conclude that Hartford's disclaimer letter was untimely as a matter of law (*see e.g. West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278 [2002], *lv denied* 98

NY2d 605 [2002] [30 days unreasonable as a matter of law where sole ground on which coverage was disclaimed was insured's delay in notifying insurer of occurrence]), and that as a result, Hartford is precluded under section 3420 (d) from disclaiming coverage.

Accordingly, the order of the Supreme Court, New York County (Marylin G. Diamond, J.), entered January 10, 2008, which denied the motion of defendants Hartford and Erath for summary judgment and granted plaintiff's cross motion for summary judgment declaring that Hartford's policy is primary to any other policy covering plaintiff, thus obligating Hartford to defend and indemnify plaintiff and nonparties IDA and Magen David Yeshiva in the underlying personal injury action, should be affirmed, without costs.

TOM, J. (dissenting). This insurance coverage dispute arose out of injuries allegedly sustained by defendant Richard Seifert in July 2004 while in the employ of defendant William Erath and Son. Plaintiff J.T. Magen, the construction manager for the project, was insured under a policy obtained from St. Paul Travelers. Erath was a subcontractor at the site under a contract that required it to indemnify and hold Magen harmless for any personal injury arising out of Erath's work. In connection with its contractual obligation, Erath obtained comprehensive general liability insurance from defendant Hartford Fire Insurance Company, naming Magen as an additional insured.

On May 9, 2005, Seifert and his wife commenced an action for personal injuries against various defendants, including Magen. Magen notified only its own insurance carrier, Travelers, of the occurrence. Two months later, Magen commenced a third-party action against Erath seeking contribution and indemnification under the contract. On June 24, 2005, some 11 months after the accident, Travelers tendered Magen's defense in the underlying action to Hartford and on October 6, 2005, Hartford disclaimed coverage on the ground that Magen had failed to comply with the notice requirement contained in its policy. The provision requires the insured to provide notice of a claim or lawsuit or any "occurrence" that might result in damages covered under the policy "as soon as practicable."

Travelers commenced this declaratory judgment action against Hartford, as subrogee and in the name of Magen. Hartford then brought the instant motion seeking dismissal of the complaint on the ground that Magen had failed to comply with the contract's notification provision. Travelers cross-moved

for a summary declaration that, as an additional insured under the policy, Magen was entitled to a defense by Hartford, which it argued was estopped from disclaiming coverage pursuant to Insurance Law § 3420 (d). Hartford countered that the provision does not apply as between insurers.

Reasoning that Travelers' tender was made on behalf of Magen, the insured, Supreme Court found inapposite the case law making section 3420 (d) inapplicable to insurers. Thus, the court granted Magen's cross motion, concluding that Hartford was precluded from disclaiming coverage on the ground of late notice.

With respect to policies of insurance, it is fundamental that notice is "a condition precedent to coverage" (*White v City of New York*, 81 NY2d 955, 957 [1993]). "Compliance with a proper notice-of-claim provision in an insurance policy is a condition precedent to all of an insurer's duty under the policy, including the duty to defend" (*Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426, 427 [1993]). As the Court of Appeals stated in *Great Canal Realty Corp. v Seneca Ins. Co., Inc.* (5 NY3d 742, 743 [2005], *revg* 13 AD2d 227 [2004]),

> "Where a policy of liability insurance requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time. The insured's failure to satisfy the notice requirement constitutes 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract' " (citations omitted).

This Court's decisions have made clear that notice received from a third party[1] does not fulfill the insurance policy's notice requirement and thus does not implicate the insurer's obligation to issue a timely disclaimer (*Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40 [2002]). "An insurer's obligation to cover its insured's loss is not triggered unless the insured gives timely notice of loss in accordance with the terms of the insurance contract" (*Power Auth. of State of N.Y. v Westinghouse Elec. Corp.*, 117 AD2d 336, 339 [1986]). In *Hernandez v American Tr. Ins. Co.* (31 AD3d 343, 343 [2006]), we held that "since

---

1. A third party is someone other than the insured, the injured person or another party having a claim for which the insured may be liable (Insurance Law § 3420 [a] [3]; *see Hartford Acc. & Indem. Co. v J. J. Wicks, Inc.*, 104 AD2d 289, 293 [1984], *appeal dismissed* 65 NY2d 691 [1985] [construing the predecessor statute]).

neither [the injured party] nor the insured ever notified the insurer of the accident, the insurer had no duty to disclaim liability, notwithstanding that it was made aware of the accident by counsel to one of the insured's codefendants in the personal injury action" (*accord Webster ex rel. Webster v Mount Vernon Fire Ins. Co.*, 368 F3d 209, 215 [2d Cir 2004] ["an insurer's actual notice of a potential claim . . . does not relieve the insured of her notice obligations"]; *American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373 [1998]; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499 [1989], *lv dismissed* 74 NY2d 651 [1989]).

*Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.* (27 AD3d 84 [2005]), relied upon by Travelers and the majority, is uncompelling. Although late notice of the accident was likewise received from another insurer, the decision merely applies settled law that an untimely disclaimer issued by a carrier to the insured party is ineffective, as well as the established rule that Insurance Law § 3420 (d), requiring an insurer to issue a timely notice of disclaimer, does not apply to a demand for contribution or indemnity made by another insurer (*id.* at 91), matters about which there is no disagreement. As to the question that divides us, the case does not even mention, let alone discuss, the source of the notice received by the insurer or its significance, and nothing in this Court's discussion of the third-party notice indicates that the issue of its effectiveness was before us (*id.* at 88).[2] *Bovis* thus lacks precedential value.

It should be noted that Magen was afforded coverage both as the primary insured under its policy with Travelers and as an additional insured under the policy obtained by Erath from Hartford. Magen chose to avail itself of the coverage afforded by the Travelers policy and the contractual indemnity provided by the agreement with its subcontractor, timely notifying Travelers of the occurrence and commencing a third-party action against Erath for contribution and indemnification. The insured's interests were thus well protected (*see Excelsior Ins. Co. v Antretter Contr. Corp.*, 262 AD2d 124, 127 [1999]), and Travelers, the real party in interest in this dispute, is merely being asked to honor its contractual obligation to defend and indemnify its insured. As Magen's subrogee, Travelers lacks any basis upon which to seek indemnification as a third-party beneficiary of either Magen's contract of insurance with Hartford or

---

2. Indeed, the majority concedes that the rule it purports to extract is merely "the implication of our ruling in *Bovis*."

its subcontract with Erath. Finally, Travelers does not contend that anything contained in the insurance policy it issued to Magen obligates the insured to file a claim under any other policy of insurance covering the loss.

The effectiveness of Travelers' notice notwithstanding, it remains that Hartford was not notified of the underlying accident for more than 11 months. Accepting, for the sake of argument, the majority's proposition that notice was given on behalf of the insured, it was untimely because the delay was unreasonable as a matter of law (*see Reg-Tru Equities, Inc. v Valley Forge Ins. Co.*, 44 AD3d 570 [2007], *lv denied* 10 NY3d 701 [2008]).[3] Nor is Magen's professed belief of nonliability reasonable under the circumstances, which afford no indication that, upon learning of the underlying injury, the insured conducted an inquiry into the accident and its cause so as to provide a basis for such belief (*see id.*).

Accordingly, the order should be reversed, the cross motion denied, Hartford's motion granted, and a declaration issued that Hartford is not obligated to defend or indemnify plaintiff or other parties in the underlying action.

GONZALEZ, P.J., NARDELLI and MOSKOWITZ, JJ., concur with RENWICK, J.; TOM, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered January 10, 2008, affirmed, without costs.

---

**3.** The majority anomalously posits that Travelers' notice was given on behalf of Magen for the purpose of fulfilling the insured's notice requirement and on behalf of Travelers for the purpose of exempting it from the selfsame notice requirement.