Tom, J.P., and Sweeny, J.,
concur in a separate memorandum by Sweeny, J., as follows: Although I concur with the ultimate result in this case, I write separately because, under the facts of this case, notification of the underlying incident by Alea to Merrimack does not fulfill the requirement that notice must be given by plaintiff.
I agree that there is no reasonable explanation for Alea’s delay in notifying plaintiffs that their policy was not in effect at the time of the accident, and that the delay in giving notice to Merrimack of the underlying action was unreasonable as a matter of law. Where I part company with the majority is their conclusion that Alea’s tender of the defense of the underlying action to Merrimack was sufficient to fulfill the policy’s notice of claim requirements, since the ultimate duty of notification of the incident to the appropriate insurer rests with plaintiffs. There is no question that Merrimack was first put on notice of this accident by Alea’s assigned defense counsel on May 23, 2008, almost five years after the accident occurred. However, “[t]he law is clear that an insured’s obligation to provide timely notice is not excused on the basis that the insurer has received notice of the underlying occurrence from an independent source” (Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 43 [2002]; see also American Mfrs. Mut. Ins. Co. v CMA Enters., 246 AD2d 373 [1998]).
J.T. Magen v Hartford Fire Ins. Co. (64 AD3d 266 [2009], lv dismissed 13 NY3d 889 [2009]) does not compel a different *493 result. In Magen, the plaintiff was the construction manager on a job site and hired a subcontractor named Erath. The contract between the two contained a provision requiring Erath to indemnify and hold Magen harmless for personal injuries arising out of Erath’s work. Erath secured an insurance policy from defendant Hartford to comply with this provision, naming the plaintiff as an additional insured (id. at 267). The underlying personal injury action involved a worker employed by Erath who was injured on the job site. The plaintiff timely notified its insurer (Travelers) of the commencement of the personal injury action. Travelers, in turn, notified defendant Hartford on June 24, 2005 of the action and requested Hartford to defend and indemnify the plaintiff as an additional insured under its policy with Erath. On August 10, 2005, Hartford asserted that it had not received a copy of the summons and complaint in the underlying action. Although it claimed a copy of the summons and complaint had been included in its tender letter, Travelers mailed another copy to Hartford on August 16, 2005. Fifty-one days later, by letter dated October 6, 2005 Hartford disclaimed coverage, alleging that plaintiff had failed to comply with the policy requirement that plaintiff give notice “as soon as practical” of any occurrence that might give rise to damages (id. at 268).
We held that “the tender letter insurer Travelers wrote on behalf of [the] plaintiff and others to insurance carrier Hartford — asking that their mutual insureds be provided with a defense and indemnity, as additional insured under the policy issued to Erath — fulfills the policy’s notice of claim requirements so as to trigger the insurer’s obligation to issue a timely disclaimer” (64 AD3d at 269).
It is significant that Magen involved two insurers who simultaneously provided coverage to the same party, one as a principal insurer (Travelers) and one as the additional insurer (Hartford). There was no question that the plaintiff gave timely notice to Travelers, its principal insurer who in turn tendered defense of the action to Hartford pursuant to the policy terms naming the plaintiff as an additional insured. Hartford’s disclaimer was properly found to be untimely as a matter of law. Since both insurers mutually insured plaintiff, timely notice by one carrier to the other fulfils the policy requirements that plaintiff give timely notice of claim.
Here, plaintiffs are not in the situation of a mutual insured. Alea’s policy was not in effect at the time of the incident. There is nothing in the record to indicate that plaintiffs ever gave notice of the incident to Merrimack after they became aware that *494 Merrimack was the proper insurer. Rather, as their complaint alleges, “plaintiffs relied to their detriment on CAC/Alea NAIC’s acts and omissions, including but not limited to Alea NAIC’s delay in providing notice to Merrimack.” Such reliance does not relieve plaintiffs of their duty under the policy to give timely notice of the incident to Merrimack. The failure to give such notice as required by the terms of the policy requires a declaration in favor of Merrimack.