Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered October 2, 2012, which denied plaintiffs’ motion for summary judgment and granted defendant’s cross motion for summary judgment declaring that defendant has no responsibility to defend or indemnify plaintiffs Eleven Riverside Garage Corp. or Alfonso Parra in an underlying personal injury action, unanimously modified, on the law, to grant the motion and deny the cross motion to the extent of *524 declaring that defendant must defend and indemnify plaintiffs Alfonso Parra and Eleven Riverside Garage Corp. (the garage) in the underlying action, and otherwise affirmed, without costs.
Parra—an employee of the garage—was parking a vehicle owned by nonparty Ellen Waldron Peress (Waldron) when he ran over nonparty Paul Peress. The vehicle rolled over Peress’ body up to his waist or lower back before Parra stopped.
At the time of the accident, the garage and Parra were insured under a commercial general liability policy issued by plaintiff Greater New York Mutual Insurance Company (GNY), and Waldron had an automobile policy issued by defendant. GNY’s policy states that, under circumstances such as those involved here, it is excess to other insurance. Defendant’s policy defines “covered person” to include “any person using [Waldron’s] covered vehicle with permission from” Waldron (i.e., Parra) and “any . . . organization with respect to [its] legal responsibility for acts or omissions of a covered driver” (i.e., the garage). However, defendant’s policy also contains the following exclusions: “We do not cover any person while employed or otherwise engaged in the business of . . . storing [or] parking . . . vehicles” (the vehicle-related jobs exclusion) and “We do not cover any person . . . using any vehicle while employed or otherwise engaged in any business or occupation” (the business use exclusion).
Peress sued the garage, Parra, and Waldron. On May 4, 2010, GNY requested that defendant defend and indemnify the garage and Parra. Defendant did not respond. On July 15, 2011, GNY’s lawyer wrote to defendant, again requesting that it defend and indemnify the garage and Parra. On August 12, 2011, defendant rejected GNY’s tender. This action followed.
After receiving GNY’s May 4, 2010 letter, defendant was required to give timely notice of disclaimer to the mutual insureds (Parra and the garage) but not to GNY (another insurer) pursuant to Insurance Law § 3420 (d) (2) (former Insurance Law § 3420 [d]) (see e.g. J.T. Magen v Hartford Fire Ins. Co., 64 AD3d 266, 269-271 [1st Dept 2009], lv dismissed 13 NY3d 889 [2009]). Defendant’s more than 15-month delay in disclaiming is untimely as a matter of law insofar as Parra and the garage are concerned {see e.g. Industry City Mgt. v Atlantic Mut. Ins. Co., 64 AD3d 433, 434 [1st Dept 2009]; J.T. Magen, 64 AD3d at 272). The fact that the Peress file was reassigned from one of defendant’s employees to another does not excuse defendant’s delay in disclaiming {see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 88-89 [1st Dept 2005]). Therefore, defendant is required to defend and indemnify *525 Parra and the garage in the underlying personal injury action (see generally Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 188-189 [2000] [“disclaimer pursuant to section 3420 (d) is necessary when denial of coverage is based on a policy exclusion”]).
GNY is not the sole real party in interest, such that Insurance Law § 3420 (d) (2) would be inapplicable; nor is there a triable issue of fact on this question. Unlike George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA (92 AD3d 104 [1st Dept 2012]) and Excelsior Ins. Co. v Antretter Contr. Corp. (262 AD2d 124 [1st Dept 1999]), there has been no settlement in the underlying action. If the damages in the Peress action exceed $1 million (the limit of defendant’s policy), the garage and Parra will benefit by being covered by GNY’s policy as well as defendant’s policy. The antisubrogation rule cases cited by defendant are inapplicable to the instant action.
As noted earlier, defendant had no obligation of prompt disclaimer vis-á-vis GNY. Hence, its disclaimer was timely insofar as GNY is concerned (see Bovis, 27 AD3d at 93). The vehicle-related jobs and business use exclusions apply; therefore, GNY is not entitled to reimbursement of the amounts it has expended thus far in defending Parra and the garage in the underlying action.
Concur—Gonzalez, RJ., Tom, Richter and Abdus-Salaam, JJ.