■ OLD REPUBLIC INSURANCE COMPANY, Directly and as Subrogee of STS Steel, Inc., Appellant, v UNITED NATIONAL INSURANCE COMPANY, Respondent. [24 NYS3d 607]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 2, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the amended complaint with prejudice, and declared that defendant is not obligated to reimburse plaintiff for any portion of the $1,000,000 it paid toward the settlement of the underlying personal injury action, unanimously reversed, on the law, with costs, the motion denied, and the declaration vacated.

Plaintiff insurer seeks to have defendant insurer either contribute toward, or reimburse plaintiff completely for, the $1 million that plaintiff paid toward the settlement of the underlying personal injury action. The motion court dismissed the complaint on the ground that while a question of fact existed concerning whether plaintiff's subrogor, STS Steel, was required to be covered by an umbrella insurance policy procured by its subcontractor, no amount of coverage was ever agreed to in the subcontract. Thus, the court concluded, based on the language in defendant's policy, which provided coverage in the amount of the lesser of $5 million or the amount of the subcontractor's policy, that defendant's coverage obligation was $0.

We find that there is an issue of fact as to the amount of umbrella insurance the subcontractor was required to procure. The subcontract originally called for $5 million in coverage, but STS permitted its subcontractor to proceed with the work while leaving the amount of coverage ambiguous because of the subcontractor's cost concerns.

We also find an issue of fact surrounding the timeliness of United National's disclaimer to STS (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]; *Hernandez v American Tr. Ins. Co.*, 31 AD3d 343, 344 [1st Dept 2006]).

We have considered the remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.