16-3332-cv
*Zurich Am. Ins. Co. v. Liberty Mut. Ins. Co., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
     *Circuit Judges*,
JANE A. RESTANI,
     *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ZURICH AMERICAN INSURANCE COMPANY,
     *Plaintiff-Appellant*,

          v.               16-3332-cv

LIBERTY MUTUAL INSURANCE COMPANY,
     *Defendant-Appellee*,

WAUSAU BUSINESS INSURANCE COMPANY,
     *Defendant-Cross-Claimant-Appellee*,

TRAVELERS CONSTITUTION STATE INSURANCE COMPANY,
     *Defendant-Cross-Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

FOR PLAINTIFF-APPELLANT:                    NICHOLAS L. PAONE, White, Fleischner & Fino, LLP, New York, New York.

FOR DEFENDANT-APPELLEE and              MARSHALL POTASHNER (Janet J. Lee, *on the*
DEFENDANT-CROSS-CLAIMANT-               *brief*), Jaffe & Asher LLP, New York, New York.
APPELLEE:

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Zurich American Insurance Company ("Zurich") appeals an August 29, 2016 judgment of the district court, entered pursuant to an August 29, 2016 opinion and order, granting summary judgment in favor of Defendant-Cross-Claimant-Appellee Wausau Business Insurance Company ("Wausau"). The district court concluded that, under a general liability policy issued by Wausau to non-party Montesano Brothers, Inc. ("Montesano"), Wausau need not reimburse Zurich for costs that Zurich incurred in defending non-parties Brooks Shopping Centers, LLC, ("Brooks") and Macerich Management Company ("Macerich") against a lawsuit arising out of Montesano's allegedly negligent construction activities at the Cross County Shopping Center (the "Shopping Center"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## BACKGROUND

Brooks owns and Macerich operates the Shopping Center, which is located in Yonkers, New York. In 2008, Brooks contracted with Whiting-Turner Contracting Company ("Whiting-Turner") to serve as the general contractor for a construction project at the Shopping Center. Under their contract, Whiting-Turner was required to obtain insurance for itself, its subcontractors, and their employees against claims arising out of work in connection with the project. Whiting-Turner obtained such a policy for the year from August 1, 2009 to August 1, 2010, from Zurich (the "Zurich Policy"), under which Brooks and Macerich qualify as additional insureds. The Zurich Policy carried a per occurrence liability limit of $2 million and a $500,000 deductible for each occurrence arising from bodily injury. The Zurich Policy also contained a subrogation provision as to this deductible (the "Subrogation Provision"), stating that Zurich has Whiting-Turner's "rights . . . to recover . . . any Deductible Amount from anyone liable for the injury or damages" covered under the Zurich Policy and that Whiting-Turner "will do everything necessary to protect those rights for [Zurich] and to help [Zurich] enforce them." App. 657.

On September 22, 2009, Whiting-Turner entered into a subcontract with Montesano to perform underground utility work at the Shopping Center (the "Subcontract"). Under the Subcontract, Montesano was also required to carry general liability insurance and name Whiting-Turner as an additional insured. Montesano

- 3 -

purchased such a policy from Wausau (the "Wausau Policy"), which covered the period from January 1, 2010 to January 1, 2011. As is relevant here, the Wausau Policy included an additional insured provision extending coverage to "any . . . organization to whom" Montesano was "obligated by written agreement to procure additional insured coverage . . . for 'bodily injury' . . . caused . . . by your acts or omissions or the acts or omissions of those acting on your behalf . . . [i]n performance of your ongoing operations . . . ." App. 285. The Wausau Policy also contained an exclusion (the "Construction Exclusion") providing that "[t]his insurance does not apply to . . . [a]ny construction, renovation, demolition or installation operations performed by or on behalf of you, or those operating on your behalf." App. 286.

In June 2011, a woman commenced a lawsuit in New York Supreme Court, New York County (the "New York Action"), alleging that, on April 5, 2010, she was injured while walking through a construction site at the Shopping Center. She further alleged that Brooks's and Macerich's negligence maintaining the construction site caused her to slip and fall and that she suffered $1 million in damages as a result. Neither Whiting-Turner nor Montesano was named in the New York Action. Nevertheless, on October 3, 2011, Whiting-Turner reported the complaint to Zurich and stated that, in its view, Montesano was responsible for the allegedly dangerous condition that caused the woman's injury. On November 29, 2011, Zurich notified Montesano and Wausau of the New York Action and demanded a defense and indemnification for Brooks and

- 4 -

Whiting-Turner under the Wausau Policy. Zurich eventually retained counsel for Brooks and Macerich to defend the New York Action. On May 8, 2012, Zurich filed a third-party complaint against Montesano, alleging that Montesano's negligence had in fact caused the woman's injuries.

On September 21, 2015, the New York Supreme Court entered summary judgment in the New York Action in favor of Brooks, Macerich, and Montesano, holding that (1) Brooks and Macerich lacked actual or constructive notice of the putatively dangerous condition that injured the plaintiff and (2) "'the alleged defect causing [the plaintiff's] fall was de minimis and therefore not actionable.'" S. App. 5 (quoting the state court decision). The decision was affirmed on March 16, 2017. *See Robinson v. Brooks Shopping Ctrs., LLC*, 148 A.D.3d 522 (1st Dep't 2017).

Zurich filed this insurance coverage action in the district court on May 9, 2014 and amended its complaint on September 22, 2014, *inter alia*, to name the correct Wausau entity as a defendant. The amended complaint alleges that Wausau had a duty to defend and indemnify Brooks as an "additional insured" under the Wausau Policy and, accordingly, must "reimburse Zurich, Whiting, and [Brooks] for the costs of the defense incurred . . . in connection with" the New York Action. App. at 43. On October 3, 2014, more than two years after Zurich had first demanded coverage for Whiting-Turner and Brooks, Wausau filed an answer to Zurich's complaint disclaiming coverage under the Wausau Policy.

After discovery, the parties cross-moved for summary judgment on January 11, 2016. Zurich argued, *inter alia*, that Wausau had failed to timely disclaim coverage on the basis of the Construction Exclusion under N.Y. Ins. Law § 3420(d)(2) and that Brooks and Whiting-Turner are additional insureds under the Wausau Policy provision discussed above. The district court denied Zurich's motion and granted Wausau's motion, reasoning that (1) N.Y. Ins. Law § 3420(d)(2) does not apply to claims between insurers and (2) the claims asserted in the New York Action fell within the Construction Exclusion. Accordingly, the district court entered summary judgment in favor of Wausau. This timely appeal followed.

## DISCUSSION

We review *de novo* the district court's summary judgment ruling, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in [its] favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the [Wausau Policy] de novo." *U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016) (quoting *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012)). Here, as the parties agree, the Wausau Policy is governed by New York law.

New York courts interpret insurance policies according to principles of contract law, giving policy language its "plain and ordinary meaning" and construing ambiguities in favor of the insured. *Selective Ins. Co. of Am. v. Cty. of Rensselaer*, 26 N.Y.3d 649, 655-56 (2016) (quoting *White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 267 (2007)). In making a coverage determination, exclusions from policy coverage are "accorded a strict and narrow construction" -- "before an insurance company is permitted to avoid policy coverage" it must establish that the exclusions "apply in the particular case [and] are subject to no other reasonable interpretation." *Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co.*, 12 N.Y.3d 302, 307 (2009) (internal quotation marks omitted).

The New York Insurance Law provides:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d)(2). New York courts have noted that this notice provision is "designed to protect the insured . . . against the risk, posed by a delay in learning the insurer's position, of expending . . . resources in an ultimately futile attempt to recover damages from an insurer." *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D.3d 84, 92 (1st Dep't 2005). "Recognizing that these are not risks to which another insurer seeking contribution is subject," *id.*, New York courts have uniformly held that

§ 3420(d) does not apply to claims between insurers. *See JT Magen v. Hartford Fire Ins. Co.*, 64 A.D.3d 266, 271 (1st Dep't 2009) (collecting cases).

On appeal, Zurich does not contest that the claims asserted in the New York Action fall within the Wausau Policy's Construction Exclusion. Instead, it argues that, (1) under § 3420(d)(2) Wausau waived that exclusion on account of its nearly three-year delay in disclaiming coverage, which waiver Zurich may invoke "on behalf of its insureds and additional insureds," Appellant's Br. 11, and (2) Whiting-Turner, Brooks, and Macerich are not bound by the district court's holding that the claims in the New York Action fall within the Wausau Policy's Construction Exclusion. We address each argument in turn.

As to the first argument, Zurich has given us no reason to depart from the litany of New York cases holding that § 3420(d) does not apply to claims between insurers. *See, e.g., JT Magen*, 64 A.D.3d at 271. Indeed, Zurich concedes that it is not in the "zone of interest" that § 3420(d)(2) protects, but asserts that it nevertheless should be allowed to claim the protections of that provision "on behalf of its insured Whiting-Turner given the unique . . . deductible provisions" in the Zurich Policy "which require Whiting-Turner to reimburse Zurich up to $500,000 for . . . defense fees incurred" in defending Brooks and Macerich in the New York Action. Appellant's Br. 12-13. The defect in this argument is twofold. First, the amended complaint was brought in Zurich's name and does not purport to seek relief on behalf of anyone but Zurich. This is so despite the

fact that Zurich could have demanded that Whiting-Turner join the case as a plaintiff pursuant to the Subrogation Provision in the Zurich Policy, which, as noted, requires Whiting-Turner "to do everything necessary to protect" its rights under the Zurich Policy and "to help [Zurich] enforce them." App. 657. Second, as the district court noted, New York courts have held that an insurer cannot invoke the protection of § 3420(d)(2) against a co-insurer, even in cases where "the mutual insureds remained *personally* protected" by that provision. S. App. 15 (citing *Greater N.Y. Mut. Ins. Co. v. Chubb Indem. Ins. Co.*, 105 A.D.3d 523, 525 (1st Dep't 2013)). Accordingly, the district court did not err in concluding that Wausau's disclaimer of coverage under the Construction Exclusion was timely vis-à-vis Zurich.

As to the second argument, it is unclear what Zurich seeks to accomplish by arguing on appeal that Whiting-Turner, Brooks, and Macerich are not bound by the district court's judgment and are free to invoke the protections of § 3420(d)(2) themselves in subsequent coverage actions based on the Wausau Policy. After all, Zurich has conceded, and we agree with the district court, that all of the claims in the New York Action fall within the Construction Exclusion. To the extent that Zurich is asking us to render an advisory opinion as to whether the judgment precludes its insureds from arguing in other cases that, as to them, Wausau waived the Construction Exclusion under § 3420(d)(2), we lack the power to do so. *See Flast v. Cohen*, 392 U.S. 83, 95-96 (1968).

We have reviewed Zurich's remaining arguments and conclude they are without

merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk