■ DIANE MOYE, Respondent, v JOYCE J. THOMAS, Respondent. (And a Third-Party Action.) NATIONWIDE INSURANCE COMPANY, Nonparty Appellant; MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Nonparty Respondent.—In an action to recover damages for personal injuries, Nationwide Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered August 19, 1988, as granted the motion of the Motor Vehicle Accident Indemnification Corporation to compel Nationwide Insurance Company to appear and defend this action on behalf of the defendant Joyce J. Thomas, and, sua sponte, confirmed a determination of the New York Arbitration Committee, dated March 26, 1987, which found that Nationwide Insurance Company "did not sustain its disclaimer of coverage".

Ordered that the order is modified by deleting the second decretal paragraph thereof confirming the New York Arbitration Committee award and authorizing entry of a judgment thereon; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The court erred in sua sponte confirming the arbitrators' award as the statutory time limit for confirmation of such award had passed (CPLR 7510). Moreover, the sua sponte confirmation deprived Nationwide Insurance Company (here-

inafter Nationwide) of an opportunity to object to the award *(see, State Farm Mut. Auto. Ins. Co. v Fireman's Fund Ins. Co.,* 121 AD2d 529).

The court, however, was correct in ordering Nationwide to appear and defend the action on the defendant Joyce C. Thomas's behalf. It is clear that Nationwide had notice of the underlying action since 1983, shortly after the date of the accident. There is no merit to Nationwide's contention that it was relieved of its obligation to appear and defend because the defendant failed to comply with the requirements of the policy requiring her to provide Nationwide with copies of the legal papers relating to this action, since Nationwide had previously disclaimed coverage. Under the circumstances, forwarding those papers would have been a "useless act" *(De Forte v Allstate Ins. Co.,* 81 AD2d 465, 471, *appeal dismissed* 54 NY2d 1027). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.