■ WAUSAU INSURANCE COMPANIES, Respondent, v DANIEL FELDMAN et al., Respondents, and TRAVELERS INDEMNITY CORPORATION, Appellant, et al., Defendant. [623 NYS2d 242] —Judgment, Supreme Court, New York County (Carmen Ciparick, J.), entered September 2, 1993, which, following a nonjury trial and order of reference to a Special Referee, declared that plaintiff was not obligated to defend or indemnify defendant Daniel Feldman, M.D. in the underlying medical malpractice action, declared that Feldman was acting within the scope of his employment at defendant Downstate Medical Center at the time the purported malpractice occurred, declared that Downstate was required to defend and indemnify Feldman in the underlying action, declared that Travelers was also obligated to defend and indemnify Feldman up to the policy limits of its policy, dismissed Travelers' counterclaims and cross-claims, confirmed the report of the Special Referee and awarded plaintiff attorneys' fees in the amount of $93,131.15, plus interest, costs and disbursements, unanimously modified, on the law, by vacating that portion of the judgment which declared that Travelers was obligated to defend and indemnify Feldman up to the policy limits of its policy, and that portion of the judgment which awarded Wausau judgment in the amount of $118,446.46 against Travelers, and otherwise affirmed, without costs.

After defendant Dr. Daniel Feldman was sued in the underlying medical malpractice action in 1975, he retained counsel and, pursuant to the policy of defendant Downstate Medical Center where he was employed as an Associate Professor, forwarded a copy of the summons to its president, requesting

that he notify Downstate's insurance carrier, which was defendant Travelers, of the lawsuit. The president advised Feldman that he would send the summons to Downstate's attorney and its business affairs office. Travelers was never informed of the claim.

Feldman also sent a copy of the summons to the Medical Society of the State of New York, which forwarded it to plaintiff Wausau, which had issued Feldman a professional liability policy. Wausau activated its file and represented Feldman in the underlying action for some nine years until it realized that a clerical error had been made and that Feldman was not its insured at the time of the purported malpractice. Wausau then tendered the defense of Feldman to Travelers, and indicated that it would assume the cost of defending him for the previous nine years. Travelers disclaimed coverage on the ground of late notice and Wausau instituted this declaratory judgment action.

Although Downstate never filed a notice of appeal or cross-appeal, it has filed a brief with this Court. Wausau's motion to strike the brief was denied without prejudice to renewal upon argument of the appeal. We now grant Wausau's motion (CPLR 5513 [a]), but note that were we to consider Downstate's arguments, we would find them to be without merit. Where, as here, the claim for monetary damages is not the primary claim but is instead annexed to and dependent upon a claim for a declaratory judgment over which the Supreme Court has jurisdiction (CPLR 3001), the Supreme Court may properly retain jurisdiction over all of the causes of action (see, Cavaioli v Board of Trustees, 116 AD2d 689). Further, the actions of Downstate estop it from disclaiming liability, responsibility and the obligation to save Feldman harmless and indemnify him under Public Officers Law § 17 (4) (Lapidot v State of New York, 88 Misc 2d 1090).

Estoppel may not be used to create coverage where no insurance policy existed, regardless of whether or not the insurance company was timely in issuing its disclaimer (Zappone v Home Ins. Co., 55 NY2d 131; Employers Ins. v County of Nassau, 141 AD2d 496). Therefore, since Wausau did not insure Feldman at the time of the purported malpractice, it could not be forced to defend him in the underlying action, despite having already represented him for nine years. Moreover, Wausau was not a volunteer in continuing to defend Feldman after Travelers disclaimed coverage, and was entitled to restitution (see, Vigilant Ins. Co. v Employers Ins., 626 F Supp 262).

Contrary to the conclusion reached by the Supreme Court, since the notice requirements of Travelers' policy were not complied with, and no valid excuse was proffered for such failure, it was relieved of any liability in this matter. The notice provided by Feldman to the company was not provided "as soon as practicable" since Feldman knew that he was insured for the malpractice claim under a Downstate policy, retained counsel in 1975, but neither he nor counsel ever asked Downstate for the name of its carrier or for a report on the status of the case until 1984 when Wausau disclaimed further coverage. A reasonable and prudent person would have investigated the coverage afforded him and his potential liability. Even though a more lenient standard is applied to an additional insured with respect to determining if notice to the insurer was timely (*Marcus v London & Lancashire Indem. Co.*, 6 AD2d 702, *affd* 5 NY2d 961), the nine year delay in providing notice was not "as soon as practicable" under the circumstances presented.

Since Downstate, as Feldman's employer and agent, undertook the responsibility of providing the requisite notice of the malpractice claim to Travelers, its breach of this duty renders it liable for the costs of defending him (*see, Rey v St. Francis Hosp.*, 39 AD2d 393). Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ. [As amended by unpublished order entered Sept. 21, 1995.]