■ AJ CONTRACTING COMPANY INC., Appellant, v FOREST DATACOM SERVICES INC., Defendant, and CIGNA PROPERTY &

CASUALTY INSURANCE COMPANY, Respondent. (And a Third-Party Action.) [760 NYS2d 131] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 2, 2002, which, inter alia, granted the motion of defendant CIGNA Property & Casualty Insurance Company for summary judgment dismissing the claim of plaintiff AJ Contracting Company against it, and denied plaintiff's motion for summary judgment and a declaration that CIGNA was obligated to defend plaintiff in an underlying personal injury action, unanimously modified, on the law, CIGNA's motion for summary judgment denied, the complaint reinstated, the matter remanded for further proceedings, and otherwise affirmed, without costs.

The core of the current dispute regarding insurance coverage initially focuses on whether AJ Contracting, as an additional insured under the CIGNA insurance policy procured by Forest Datacom Services, gave proper timely notice of the claim to CIGNA. CIGNA claims that it did not receive the requisite written notice until it was served with the third-party summons and complaint in November 1998, well outside the time frame for proper notice.

The CIGNA policy requires written notice of a claim, and we agree with the motion court's implicit conclusion that plaintiff failed to establish written notice to CIGNA as a matter of law by the testimony of Travelers' representative, Mary Kawas-Rutolo. However, other documentation regarding communications between CIGNA and Travelers during the spring of 1998 has a bearing on this claim. Review of these documents leads us to conclude that a question of fact exists as to whether CIGNA evinced to AJ and its agents a willingness to permit a claimant to tender a claim orally, rather than strictly enforce its policy requirement of written notice.

A letter by Forest's third-party claims administrator, ESIS, dated April 28, 1998, while rejecting Traveler's tender of AJ's claim pursuant to Forest's contractual indemnification obligation, advised that "Carolann Myrtetus of INA [CIGNA] is evaluating whether the tender will be accepted pursuant to the insurance procurement obligation." Although in her affidavit Myrtetus denied any knowledge of the correspondence between ESIS and Travelers, her reservation of rights letter on behalf of CIGNA on June 3, 1998 acknowledged Travelers' "oral request of May 14, 1998," and contained no indication that CIGNA required written notice of the claim in order to evaluate it. Both letters tend to show that CIGNA received notice of the claim being tendered by AJ Contracting and, rather than rejecting the tender outright because it was not in writing, had

decided to proceed with an evaluation of its merits. While the affidavit of CIGNA representative Anne Donohue states that CIGNA demanded compliance with the policy's notice requirements, the letter to which she refers made no specific reference to the requirement that notice be in writing. Accordingly, we conclude that summary judgment should not have been granted on the ground that CIGNA received no written notice; rather, first there must be a factual determination as to whether CIGNA's conduct communicated that it would not rely upon the policy's requirement of written notice, and if so, whether CIGNA received such notice as was necessary.

CIGNA also claims that it was entitled to summary judgment because the settlement payment made by AJ was voluntary. However, assuming the notice issue is resolved against CIGNA, CIGNA's disclaimer of coverage excused AJ from complying with the term of the policy obligating it to obtain the insurer's consent before settlement of any matter (*see American Ref-Fuel Co. of Hempstead v Resource Recycling,* 281 AD2d 573, 574 [2001]).

We also reject CIGNA's argument that its duty to defend is entirely eliminated by policy Endorsement 70, which states that, in view of Forest's entry into a third-party agreement with ESIS for purposes of investigation and adjustment of claims, CIGNA "shall not have any duty to defend any such 'suit.' " Particularly in view of policy Endorsement 21, in which CIGNA acknowledged its duty to defend any lawsuit, we will not read Endorsement 70 as absolving CIGNA, as a matter of law, of the broad duty to defend normally imposed on liability carriers (*see Prudential Lines v Firemen's Ins. Co. of Newark, N.J.,* 91 AD2d 1, 5 [1982]); rather, it may be read as merely absolving CIGNA of responsibility for the costs of work performed by ESIS.

Finally, on this record, there is nothing to support the conclusion that AJ intentionally spoliated evidence, or, indeed, even that any evidence was spoliated. At best, all that is shown is that some boxes listed on a printout were missing from the warehouse, but nothing is demonstrated as to what was even in the boxes.

Accordingly, the matter must be remanded for trial. Concur— Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.