■ YOUNG ISRAEL CO-OP CITY et al., Respondents, v GUIDEONE MUTUAL INSURANCE COMPANY, Appellant. [859 NYS2d 171]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered on or about January 2, 2008, which granted plaintiffs' motion for a declaration that defendant must defend and indemnify them in an underlying personal injury action, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the cross motion granted. The Clerk is directed to enter judgment accordingly.

The court improperly found that plaintiffs' 40-day delay in notifying defendant of the motor vehicle accident was reasonable as a matter of law (*see Pandora Indus. v St. Paul Surplus Lines Ins. Co.*, 188 AD2d 277 [1992]). Under the insurance policy at issue, which required "prompt notice" of any accident or loss, plaintiffs' timely forwarding of the claim letter was not adequate notice (*see e.g. City of New York v Continental Cas. Co.*, 27 AD3d 28, 31 [2005]). Given that plaintiffs were allegedly negligent in this rear-end collision and that the underlying claimant was taken away from the accident by ambulance (*cf. Kelly v Nationwide Mut. Ins. Co.*, 174 AD2d 481 [1991]), plaintiffs failed to raise an issue of fact as to whether its delay in giving notice was reasonably founded upon a good faith belief of nonliability (*see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 241 [2002]). Concur—Tom, J.P., Nardelli, Buckley and Renwick, JJ.