■ HARVEY AXELROD, Doing business as S. AXELROD Co., Appellant, v MAGNA CARTA COMPANIES et al., Respondents. [880 NYS2d 69]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 14, 2007, which, upon the parties' respective motions for summary judgment, declared that defendants were not obligated to defend and indemnify plaintiff in an underlying copyright infringement action that plaintiff settled, and severed, for purposes of assessment, defendants' counterclaims for costs, disbursements and attorneys' fees, unanimously modified, on the law, to vacate the severance of defendants' counterclaim for attorneys' fees and to dismiss such counterclaim, and otherwise affirmed, without costs.

The subject policies cover, in pertinent part, claims of copyright infringement arising out of plaintiff's advertising of goods, products or services. The underlying complaint alleged that plaintiff infringed the underlying plaintiff's copyright by, in pertinent part, "reproducing, manufacturing, and/or distributing" charms that are copies of charms created by the underlying plaintiff and by "preparing derivative works based on" the copyrighted charms. As the motion court correctly held, such allegations do not show advertising activities (see Quitman Mfg. Co. v Northbrook Natl. Ins. Co., 266 AD2d 105 [1999]). Nor does

the underlying complaint's "Prayer for Relief," which makes no reference to preventing any type of false, misleading or injurious advertising (*see A. Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 303 [1989]). Nor does plaintiff's catalog, which was attached to the underlying complaint, where the underlying complaint did not allege harm based on use of the catalog but apparently submitted the catalog solely as evidence that plaintiff was selling the infringing charms (*id.* at 304), and, as the motion court held, cannot be construed as asserting a claim that the catalog itself, or the product depictions therein, were infringing "derivative works." The motion court also properly rejected plaintiff's argument that the underlying plaintiff's demand for any and all "matrices" indicated that it was seeking delivery of all materials used to print plaintiff's catalog. Read in context, the underlying plaintiff was seeking matrices that were used to manufacture the copyrighted charms, not the materials used to print plaintiff's catalog.

Plaintiff's 20-month delay in notifying defendants of the new claim alleging advertising in the underlying amended complaint was unreasonable as a matter of law (*see Martini v Lafayette Studio Corp.*, 273 AD2d 112, 113 [2000]). Plaintiff was not relieved of the obligation to notify defendants of this new claim simply because defendant insurer Public Service Mutual had disclaimed coverage based on the allegations in the original underlying complaint (*compare AJ Contr. Co. v Forest Datacom Servs.*, 309 AD2d 616, 617-618 [2003]; *Moye v Thomas*, 153 AD2d 673 [1989]). Nor did defendant insurer Paramount waive its right to disclaim coverage of the claim raised in the underlying amended complaint; the doctrine of waiver is simply inapplicable where, as here, the defense is the nonexistence of coverage (*see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]). The motion court correctly found that defendants Paramount and Magna Carta Companies did not issue policies relevant to the underlying action. There is no evidence that Magna Carta issued a policy to plaintiff, and no genuine issue of fact exists as to whether coverage was barred under the "Designated Premises Endorsement" in the Paramount policy (*see Accessories Biz, Inc. v Linda & Jay Keane, Inc.*, 533 F Supp 2d 381, 388-389 [SD NY 2008]).

Since no statute, agreement or court rule provides for attorneys' fees in this case, the motion court improperly directed an assessment thereof (*see generally Chapel v Mitchell*, 84 NY2d 345, 348-349 [1994]), and we modify accordingly. Concur— Andrias, J.P., Buckley, DeGrasse and Richter, JJ. [*See* 17 Misc 3d 1127(A), 2007 NY Slip Op 52165(U).]