■ JUVENEX LTD., Appellant, v THE BURLINGTON INSURANCE COMPANY, Respondent. [882 NYS2d 47]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered June 25, 2008, dismissing the complaint and declaring that defendant is not obligated to defend or indemnify plaintiff in the underlying personal injury action, unanimously affirmed, with costs. Appeal from order, same court (Leland G. DeGrasse, J.), entered on or about May 23, 2008, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's delay of two months in giving defendant notice of the claim was unreasonable as a matter of law (*see 2130 Williamsbridge Corp. v Interstate Indem. Co.*, 55 AD3d 371 [2008]; *Republic N.Y. Corp. v American Home Assur. Co.*, 125 AD2d 247 [1986]). Notice to plaintiff's broker did not constitute notice to defendant (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442 n 3 [1972]).

We decline to consider plaintiff's argument, raised for the first time on appeal, that the notice of claim provided to defendant by the injured person pursuant to Insurance Law § 3420 (a) (3) was timely (*see Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307, 308 [1991], *lv denied* 78 NY2d 856 [1991]). Were we to consider it, we would find that the delay in the injured person's notice to defendant after he ascertained defendant's identity was also unreasonable as a matter of law (*see 2130 Williamsbridge Corp., supra; Republic N.Y. Corp., supra*). Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.