■ NEW YORK UNIVERSITY, Respondent, v AMERICAN BUILD-ING MAINTENANCE et al., Defendants, and CONTINENTAL INSUR-ANCE COMPANY, Appellant. [915 NYS2d 218]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 21, 2009, which, in a declaratory judgment action involving defendant insurer's (Continental) obligation to defend and indemnify plaintiff (NYU) in an underlying action for personal injuries sustained on NYU's premises, insofar as appealed from, denied Continental's motion for summary judgment declaring that it is not so obligated, unanimously reversed, on the law, with costs, the motion granted, and it is declared that Continental is not so obligated. Appeal from order, same court (Eileen A. Rakower, J.), entered January 15, 2010, which denied Continental's motion to renew, unanimously dismissed, without costs, as academic in view of the foregoing.

Continental has no obligation to defend NYU in the underlying action under a policy that provides, "We[, i.e., Continental] shall have the right, but not the duty, to: 1. Defend or partici-pate in the defense of any 'suit' against the insured" (*see In re September 11th Liab. Ins. Coverage Cases*, 458 F Supp 2d 104, 123-124, 128 [SD NY 2006]; *see also AJ Contr. Co. v Forest Datacom Servs.*, 309 AD2d 616, 618 [2003]).

Concerning the obligation to indemnify, it appears that NYU and defendant maintenance contractor (ABM) entered into a contract that provides for ABM's procurement of insurance naming NYU as an additional insured, also provides that notice from ABM to the insurer would be deemed notice by NYU, and also provides that ABM "shall not commence any work . . . until it has obtained all of the insurance required by this paragraph and such insurance has been approved by [NYU]'s Director of Insurance." ABM obtained a policy from Continental that, as amended, provides for a self-insured retention (SIR) of $1 million per occurrence, and also provides that "[y]ou[, i.e., the insured] must see to it that we[, i.e., Continental] are noti-fied as soon as practicable of an 'occurrence,' . . . act, [or] error or omission . . . which may result in a claim: 1. For which the damages can reasonably be expected to exceed fifty percent . . . of the [SIR]."

While we agree with NYU that summary judgment in Continental's favor on the issue of coverage is precluded by an issue of fact as to whether the damages in the underlying action will exceed the $1 million SIR (*see Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 35 AD3d 253, 254 [2006], *appeal dismissed* 9 NY3d 1003 [2007]), we find that Continental did not receive timely notice of the underlying accident and, for that reason, has no obligation to indemnify. The underlying accident occurred on March 6, 2003, and although NYU knew about the accident, at the latest, by February 14, 2006, the date of its answer in the underlying action, the only notice that NYU gave Continental was to sue it, which NYU did not do until August 14, 2008. Nor did ABM give Continental notice of the accident. To be sure, ABM initially told NYU that its insurer was ACE USA, and NYU did not find out until May 27, 2008 that ABM was insured by Continental. However, if NYU had exercised its right under its contract with ABM to approve ABM's insurance, NYU would have known back in 2000 that ABM's insurer was Continental. As it is clear that NYU could have prevented the mishap, we find that it did not give notice as soon as practicable (*cf. Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381 [2008]). Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.