■ TOWER INSURANCE COMPANY OF NEW YORK, Respondent, v CLASSON HEIGHTS, LLC, et al., Appellants, et al., Defendant. [920 NYS2d 58]—

This declaratory judgment action arises from a disclaimer of insurance coverage based on late notice of a personal injury claim. Plaintiff Tower Insurance issued a liability insurance

policy effective August 2006 to appellants Classon Heights and Renaissance Realty (the insureds), which owned and maintained an apartment building, along with the sidewalk in front of the premises. The policy required the insureds to notify Tower Insurance "as soon as practicable of an 'occurrence' or an offense which may result in a claim."

The underlying personal injury action was brought in May 2007 by Elizabeth Gonzalez, a building resident, who alleges that on October 30, 2006 a defective condition on the sidewalk on the premises, which was under construction, caused her to fall from her wheelchair and sustain serious injuries. On or about March 15, 2007, Gonzalez's counsel notified the insureds about the impending claims against them, and on March 26, 2007, or about five months after the accident, defendant notified Tower Insurance about the claims. Tower Insurance disclaimed coverage in April 2007 on the ground that the insureds failed to notify it "as soon as practicable."

In July 2007, Tower Insurance commenced this action against the insureds and Gonzalez seeking a declaration that it had no duty to defend or indemnify the insureds in the underlying lawsuit, based on late notice of claim. The complaint alleged that the insureds knew about Gonzalez's accident on the day it occurred but failed to notify Tower Insurance for five months.

After issue was joined, Tower Insurance moved for summary judgment in December 2009. Tower Insurance submitted signed but unsworn, partially redacted statements that a porter and the manager at Gonzalez's apartment building made to a Tower Insurance investigator in April 2007. The porter stated that on October 30, 2006 he saw Gonzalez, while descending a ramp leading from the premises in her wheelchair, ride off the ramp and fall forward to the ground. After he and three other workers helped Gonzalez back into her chair, an ambulance arrived and took Gonzalez to a hospital. When the porter saw Gonzalez again later that day, she was not wearing a cast, but two days later he saw her with a cast on her arm. The porter then "called the office and told them what happened." The building manager stated that the porter had called him on October 30 and told him Gonzalez had fallen out of her wheelchair. The porter allegedly told the manager that Gonzalez "did not appear injured" but informed the manager that an ambulance had taken her to the hospital.

In opposition to the summary judgment motion, the insureds argued that they had no reasonable basis to believe that the accident could give rise to a claim against them until they were so notified by Gonzalez's counsel nearly five months after the ac-

cident. The insureds submitted, among other things, an affirmed statement by the manager claiming that the Tower Insurance investigator omitted "material facts" when transcribing his statement and only told the manager he was investigating the merits of the underlying action, without disclosing that his statement would be used to deny the insureds' coverage. The manager reiterated that he first learned of Gonzalez's accident on October 30, 2006 when the porter telephoned him, but when he went to the apartment building either on that day or the next to discuss the matter, the porter advised him that "Ms. Gonzalez did not appear to be injured; that an ambulance was called solely for precautionary reasons; that he saw Ms. Gonzalez later that afternoon and after she had returned to the building; that she did not have a cast or a sling when she returned to the building; and that he did not see any evidence that she had sustained an injury when she returned to the building."

Supreme Court correctly granted summary judgment to Tower Insurance on the ground that the insureds failed to provide timely notice. "Where a liability insurance policy requires that notice of an occurrence be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time" (*Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 307 [2008]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). Tower Insurance met its initial burden by offering proof of the insureds' five-month delay, because an unexcused delay of that length is untimely as a matter of law (*see e.g. Juvenex Ltd. v Burlington Ins. Co.*, 63 AD3d 554 [2009] [two-month delay untimely]; *Young Israel Co-Op City v Guideone Mut. Ins. Co.*, 52 AD3d 245 [2008] [40 days]; *Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 498 [1989], *lv dismissed* 74 NY2d 651 [1989] [four months]).

The insureds' opposition failed to raise a triable issue whether their delay may be excused because they had a good faith belief in nonliability (*see Great Canal Realty Corp.*, 5 NY3d at 743-744). An insured bears the burden of proving, under all the circumstances, the reasonableness of the belief (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 749-750 [1995]). Where, as here, the policy requires prompt notice of an "occurrence" that "may result in a claim," the issue is not "whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him" (*SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998]).

Since the insureds admitted that their building manager knew on October 30, 2006 that Gonzalez had fallen on the premises and had been taken by ambulance to a hospital, their purported belief that no claim could possibly be filed by Gonzalez because she was not injured was unreasonable (*see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 241 [2002]; *see also Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d at 307-308; *SSBSS Realty Corp.*, 253 AD2d at 585). At the least, the building manager's knowledge triggered a duty to further investigate the accident since Gonzalez was a tenant in their own building (*see Tower Ins. Co. of N.Y. v Christopher Ct. Hous. Co.*, 71 AD3d 500, 501 [2010]; *York Speciality Food, Inc. v Tower Ins. Co. of N.Y.*, 47 AD3d 589, 590 [2008]; *SSBSS Realty Corp.*, 253 AD2d at 585).

The insureds' additional contentions also lack merit. Their argument that the porter's knowledge of Gonzalez's accident cannot be imputed to them is unavailing because "knowledge of an occurrence obtained by an agent charged with the duty to report such matters is imputed to the principal" (*Paramount Ins. Co.*, 293 AD2d at 240). Although the building manager stated that the porter's primary responsibility was to clean the premises, he also stated that the porter called him to report the accident on the same day and that he then went to the subject premises to discuss the incident with the porter.

The insureds' claim that further discovery could have provided them with the basis for an estoppel claim amounts to mere speculation. Finally, the insureds' reliance on Insurance Law § 3420 (a) (5) is unavailing because the provision was enacted in January 2009 and does not apply retroactively to Tower Insurance's 2006 policy (*see* L 2008, ch 388, §§ 2, 8). Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.