■ 25 AVENUE C NEW REALTY, LLC, et al., Plaintiffs, v ALEA NORTH AMERICA INSURANCE COMPANY, Respondent, and MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Appellant. [949 NYS2d 2]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 23, 2010, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment to the extent of declaring that defendant Merrimack Mutual Fire Insurance Company (Merrimack) is obligated to defend and indemnify plaintiffs in an underlying personal injury action, granted defendant Alea North America Insurance Company's cross motion for summary judgment dismissing the complaint and all cross claims against it, and denied Merrimack's cross motion for summary judgment, modified, on the law, to the extent of denying plaintiffs' motion for summary judgment, and granting defendant Merrimack's cross motion for summary judgment to the extent of declaring that Merrimack is not obligated to defend and indemnify plaintiffs in the underlying personal injury action, and otherwise affirmed, without costs.

Plaintiffs are the owners and parties in interest to property

located at 25 Avenue C in New York County. Defendant Merrimack insured this property under a liability policy that was in effect on June 27, 2003. Defendant Alea North America Insurance Company (Alea) insured this property under a liability policy that was in effect on June 27, 2005.

On June 27, 2005, Eamonn Grimes commenced an action against 25 Avenue C to recover for personal injuries allegedly sustained on that property. The complaint alleged that the date of the accident was June 27, 2005. Plaintiffs gave timely notice of the summons and complaint to Alea, and Claims Administration Corporation (CAC), Alea's third-party claims administrator, assigned the defense of this action to the Law Office of Jeffrey Samel (Samel).

In May 2007, an investigator from CAC discovered, after speaking with Grimes, that the accident actually occurred on June 27, 2003, not June 27, 2005 as stated in the complaint. In August 2007, Samel's office received a bill of particulars which alleged that Grimes's accident occurred on June 27, 2003. At the same time, it also received hospital records showing Grimes was hospitalized from June 28 to July 8, 2003. On October 4, 2007, Samel's office took the deposition of a nonparty witness who testified that Grimes' accident occurred on June 27, 2003.

On May 15, 2008, CAC contacted plaintiffs to determine the name of the insurance carrier that insured the premises during 2003. Plaintiffs advised CAC that Merrimack was the insurer during that period. On May 23, 2008, Samel notified Merrimack that the actual date of the incident was June 27, 2003 and that Alea's policy was not in effect at that time. It tendered the defense of the Grimes action to Merrimack.

On July 8, 2008, Merrimack rejected Alea's tender on the ground that it had not been given timely notice of the claim. Alea advised plaintiffs on August 11, 2008 that it was declining coverage, as the actual date of the incident predated Alea's policy coverage.

Plaintiffs thereafter commenced this action seeking a declaration that either Alea or Merrimack is obligated to defend and indemnify plaintiffs in the underlying personal injury action. All parties subsequently moved and cross moved for summary judgment. Supreme Court granted plaintiffs' motion against Merrimack, finding that Merrimack was obligated to defend and indemnify plaintiffs. It also denied Merrimack's cross motion for, among other things, a declaration that its disclaimer was valid, finding that Merrimack "was notified within a reasonable time under the facts and circumstances and there is no apparent prejudice, as discovery is ongoing." Finally, the court

granted Alea's cross motion for summary judgment dismissing the complaint and all cross claims against it.

Supreme Court properly found that there is no basis in equity for compelling Alea to continue defending and indemnifying plaintiffs. Since Alea's insurance policy was not in effect when the incident took place, equitable remedies cannot create insurance where none exists (see *Axelrod v Magna Carta Cos.*, 63 AD3d 444, 445 [2009]; *Wausau Ins. Cos. v Feldman*, 213 AD2d 179, 180 [1995]).

A different analysis is warranted with respect to the validity of Merrimack's disclaimer of coverage.

Initially, Merrimack was not required to demonstrate any prejudice resulting from the claimed untimely notice, as its policy predated the effective date of the amendments to Insurance Law § 3420 (a) (5) that now requires such showing (*Board of Mgrs. of the 1235 Park Condominium v Clermont Specialty Mgrs., Ltd.*, 68 AD3d 496, 497 [2009]).*

Although the court found that under the facts and circumstances of this case, Merrimack was notified of the claim within a reasonable period of time, the record before us compels a different conclusion. There is no reasonable explanation for Alea's delay in notifying plaintiffs that their policy was not in effect at the time of the accident. Alea was aware as early as May 2007 that the date of the accident set forth in the complaint was incorrect. Even assuming Alea sought confirmation of that information, its attorneys were conclusively aware in August 2007 that the correct date of the accident was two years prior to the date set forth in the complaint. Moreover, this information was reconfirmed in October 2007 by Samel's deposition of a nonparty witness. Thus, Alea had numerous confirmations that the correct date of the accident was in June 2003, which date was prior to the issuance of its policy on plaintiffs' property.

Moreover, the record is devoid of any explanation as to why CAC, as agent of Alea, waited until May 15, 2008, some seven months after the nonparty deposition, to contact plaintiffs to determine which insurer covered the premises in June 2003.

There is no question that Merrimack was first put on notice of this accident by Alea's assigned defense counsel on May 23, 2008, almost five years after the accident occurred. Although this tender, made on behalf of the insured 25 Avenue C, was sufficient to fulfill the policy's notice of claim requirements so as to trigger the insurer's obligation to issue a timely disclaimer pursuant to Insurance Law § 3420 (d) (see *J.T. Magen v Hartford*

---

* L 2008, ch 388, § 2 (eff Jan. 17, 2009).

*Fire Ins. Co.*, 64 AD3d 266, 269 [2009], *lv dismissed* 13 NY3d 889 [2009]), the delay in giving such notice of claim is clearly unreasonable as a matter of law (*see Tower Ins. Co. of N.Y. v Classon Hgts., LLC*, 82 AD3d 632, 634 [2011] [five-month unexcused delay unreasonable as a matter of law]; *Juvenex Ltd. v Burlington Ins.* Co., 63 AD3d 554, 554 [2009] [two-month delay inexcusable]).

We have repeatedly held that an unexcused delay in giving timely notice will relieve an insurer of its obligations to defend (*see e.g. Tower Ins. Co.*, 82 AD3d at 634; *Juvenex*, 63 AD3d at 554; *Young Israel Co-Op City v Guideone Mut. Ins. Co.*, 52 AD3d 245, 246 [2008] [reversing motion court's finding that 40-day delay in giving notice was reasonable]).

Since the record is devoid of any valid excuse on Alea's part for delaying notification to plaintiffs and Merrimack for over a year in total from when it first became aware of the correct date of the accident, under these circumstances, Merrimack properly disclaimed coverage on the basis of untimely notice. Concur—Acosta, Renwick and Román, JJ.

Tom, J.P., and Sweeny, J., concur in a separate memorandum by Sweeny, J., as follows: Although I concur with the ultimate result in this case, I write separately because, under the facts of this case, notification of the underlying incident by Alea to Merrimack does not fulfill the requirement that notice must be given by plaintiff.

I agree that there is no reasonable explanation for Alea's delay in notifying plaintiffs that their policy was not in effect at the time of the accident, and that the delay in giving notice to Merrimack of the underlying action was unreasonable as a matter of law. Where I part company with the majority is their conclusion that Alea's tender of the defense of the underlying action to Merrimack was sufficient to fulfill the policy's notice of claim requirements, since the ultimate duty of notification of the incident to the appropriate insurer rests with plaintiffs. There is no question that Merrimack was first put on notice of this accident by Alea's assigned defense counsel on May 23, 2008, almost five years after the accident occurred. However, "[t]he law is clear that an insured's obligation to provide timely notice is not excused on the basis that the insurer has received notice of the underlying occurrence from an independent source" (*Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 43 [2002]; *see also American Mfrs. Mut. Ins. Co. v CMA Enters.*, 246 AD2d 373 [1998]).

*J.T. Magen v Hartford Fire Ins. Co.* (64 AD3d 266 [2009], *lv dismissed* 13 NY3d 889 [2009]) does not compel a different

result. In *Magen*, the plaintiff was the construction manager on a job site and hired a subcontractor named Erath. The contract between the two contained a provision requiring Erath to indemnify and hold Magen harmless for personal injuries arising out of Erath's work. Erath secured an insurance policy from defendant Hartford to comply with this provision, naming the plaintiff as an additional insured (*id.* at 267). The underlying personal injury action involved a worker employed by Erath who was injured on the job site. The plaintiff timely notified its insurer (Travelers) of the commencement of the personal injury action. Travelers, in turn, notified defendant Hartford on June 24, 2005 of the action and requested Hartford to defend and indemnify the plaintiff as an additional insured under its policy with Erath. On August 10, 2005, Hartford asserted that it had not received a copy of the summons and complaint in the underlying action. Although it claimed a copy of the summons and complaint had been included in its tender letter, Travelers mailed another copy to Hartford on August 16, 2005. Fifty-one days later, by letter dated October 6, 2005 Hartford disclaimed coverage, alleging that plaintiff had failed to comply with the policy requirement that plaintiff give notice "as soon as practical" of any occurrence that might give rise to damages (*id.* at 268).

We held that "the tender letter insurer Travelers wrote on behalf of [the] plaintiff and others to insurance carrier Hartford—asking that their mutual insureds be provided with a defense and indemnity, as additional insured under the policy issued to Erath—fulfills the policy's notice of claim requirements so as to trigger the insurer's obligation to issue a timely disclaimer" (64 AD3d at 269).

It is significant that *Magen* involved two insurers who simultaneously provided coverage to the same party, one as a principal insurer (Travelers) and one as the additional insurer (Hartford). There was no question that the plaintiff gave timely notice to Travelers, its principal insurer who in turn tendered defense of the action to Hartford pursuant to the policy terms naming the plaintiff as an additional insured. Hartford's disclaimer was properly found to be untimely as a matter of law. Since both insurers mutually insured plaintiff, timely notice by one carrier to the other fulfils the policy requirements that plaintiff give timely notice of claim.

Here, plaintiffs are not in the situation of a mutual insured. Alea's policy was not in effect at the time of the incident. There is nothing in the record to indicate that plaintiffs ever gave notice of the incident to Merrimack after they became aware that

Merrimack was the proper insurer. Rather, as their complaint alleges, "plaintiffs relied to their detriment on CAC/Alea NAIC's acts and omissions, including but not limited to Alea NAIC's delay in providing notice to Merrimack." Such reliance does not relieve plaintiffs of their duty under the policy to give timely notice of the incident to Merrimack. The failure to give such notice as required by the terms of the policy requires a declaration in favor of Merrimack.