Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 23, 2010, which, to the extent appealed from as limited by the briefs, granted plaintiffs’ motion for summary judgment to the extent of declaring that defendant Merrimack Mutual Fire Insurance Company (Merrimack) is obligated to defend and indemnify plaintiffs in an underlying personal injury action, granted defendant Alea North America Insurance Company’s cross motion for summary judgment dismissing the complaint and all cross claims against it, and denied Merrimack’s cross motion for summary judgment, modified, on the law, to the extent of denying plaintiffs’ motion for summary judgment, and granting defendant Merrimack’s cross motion for summary judgment to the extent of declaring that Merrimack is not obligated to defend and indemnify plaintiffs in the underlying personal injury action, and otherwise affirmed, without costs.
Plaintiffs are the owners and parties in interest to property *490 located at 25 Avenue C in New York County. Defendant Merrimack insured this property under a liability policy that was in effect on June 27, 2003. Defendant Alea North America Insurance Company (Alea) insured this property under a liability policy that was in effect on June 27, 2005.
On June 27, 2005, Eamonn Grimes commenced an action against 25 Avenue C to recover for personal injuries allegedly sustained on that property. The complaint alleged that the date of the accident was June 27, 2005. Plaintiffs gave timely notice of the summons and complaint to Alea, and Claims Administration Corporation (CAC), Alea’s third-party claims administrator, assigned the defense of this action to the Law Office of Jeffrey Samel (Samel).
In May 2007, an investigator from CAC discovered, after speaking with Grimes, that the accident actually occurred on June 27, 2003, not June 27, 2005 as stated in the complaint. In August 2007, Samel’s office received a bill of particulars which alleged that Grimes’s accident occurred on June 27, 2003. At the same time, it also received hospital records showing Grimes was hospitalized from June 28 to July 8, 2003. On October 4, 2007, Samel’s office took the deposition of a nonparty witness who testified that Grimes’ accident occurred on June 27, 2003.
On May 15, 2008, CAC contacted plaintiffs to determine the name of the insurance carrier that insured the premises during 2003. Plaintiffs advised CAC that Merrimack was the insurer during that period. On May 23, 2008, Samel notified Merrimack that the actual date of the incident was June 27, 2003 and that Alea’s policy was not in effect at that time. It tendered the defense of the Grimes action to Merrimack.
On July 8, 2008, Merrimack rejected Alea’s tender on the ground that it had not been given timely notice of the claim. Alea advised plaintiffs on August 11, 2008 that it was declining coverage, as the actual date of the incident predated Alea’s policy coverage.
Plaintiffs thereafter commenced this action seeking a declaration that either Alea or Merrimack is obligated to defend and indemnify plaintiffs in the underlying personal injury action. All parties subsequently moved and cross moved for summary judgment. Supreme Court granted plaintiffs’ motion against Merrimack, finding that Merrimack was obligated to defend and indemnify plaintiffs. It also denied Merrimack’s cross motion for, among other things, a declaration that its disclaimer was valid, finding that Merrimack “was notified within a reasonable time under the facts and circumstances and there is no apparent prejudice, as discovery is ongoing.” Finally, the court *491 granted Alea’s cross motion for summary judgment dismissing the complaint and all cross claims against it.
Supreme Court properly found that there is no basis in equity for compelling Alea to continue defending and indemnifying plaintiffs. Since Alea’s insurance policy was not in effect when the incident took place, equitable remedies cannot create insurance where none exists (see Axelrod v Magna Carta Cos., 63 AD3d 444, 445 [2009]; Wausau Ins. Cos. v Feldman, 213 AD2d 179, 180 [1995]).
A different analysis is warranted with respect to the validity of Merrimack’s disclaimer of coverage.
Initially, Merrimack was not required to demonstrate any prejudice resulting from the claimed untimely notice, as its policy predated the effective date of the amendments to Insurance Law § 3420 (a) (5) that now requires such showing (Board of Mgrs. of the 1235 Park Condominium v Clermont Specialty Mgrs., Ltd., 68 AD3d 496, 497 [2009]).*
Although the court found that under the facts and circumstances of this case, Merrimack was notified of the claim within a reasonable period of time, the record before us compels a different conclusion. There is no reasonable explanation for Alea’s delay in notifying plaintiffs that their policy was not in effect at the time of the accident. Alea was aware as early as May 2007 that the date of the accident set forth in the complaint was incorrect. Even assuming Alea sought confirmation of that information, its attorneys were conclusively aware in August 2007 that the correct date of the accident was two years prior to the date set forth in the complaint. Moreover, this information was reconfirmed in October 2007 by Samel’s deposition of a nonparty witness. Thus, Alea had numerous confirmations that the correct date of the accident was in June 2003, which date was prior to the issuance of its policy on plaintiffs’ property.
Moreover, the record is devoid of any explanation as to why CAC, as agent of Alea, waited until May 15, 2008, some seven months after the nonparty deposition, to contact plaintiffs to determine which insurer covered the premises in June 2003.
There is no question that Merrimack was first put on notice of this accident by Alea’s assigned defense counsel on May 23, 2008, almost five years after the accident occurred. Although this tender, made on behalf of the insured 25 Avenue C, was sufficient to fulfill the policy’s notice of claim requirements so as to trigger the insurer’s obligation to issue a timely disclaimer pursuant to Insurance Law § 3420 (d) (see J.T. Magen v Hartford *492 Fire Ins. Co., 64 AD3d 266, 269 [2009], lv dismissed 13 NY3d 889 [2009]), the delay in giving such notice of claim is clearly unreasonable as a matter of law (see Tower Ins. Co. of N.Y. v Classon Hgts., LLC, 82 AD 3d 632, 634 [2011] [five-month unexcused delay unreasonable as a matter of law]; Juvenex Ltd. v Burlington Ins. Co., 63 AD3d 554, 554 [2009] [two-month delay inexcusable]).
We have repeatedly held that an unexcused delay in giving timely notice will relieve an insurer of its obligations to defend (see e.g. Tower Ins. Co., 82 AD3d at 634; Juvenex, 63 AD3d at 554; Young Israel Co-Op City v Guideone Mut. Ins. Co., 52 AD3d 245, 246 [2008] [reversing motion court’s finding that 40-day delay in giving notice was reasonable]).
Since the record is devoid of any valid excuse on Alea’s part for delaying notification to plaintiffs and Merrimack for over a year in total from when it first became aware of the correct date of the accident, under these circumstances, Merrimack properly disclaimed coverage on the basis of untimely notice. Concur— Acosta, Renwick and Román, JJ.

 L 2008, ch 388, § 2 (eff Jan. 17, 2009).