■ Davis & Partners, LLC, et al., Respondents-Appellants, v QBE Insurance Corporation, Appellant-Respondent. [979 NYS2d 311]—

The parties agree that under New Jersey law defendant's failure to show that it was prejudiced as a result of the untimely notice of occurrence it received pursuant to the subject insurance policy would render its disclaimer of coverage on that ground invalid. However, New York law, although it now requires a showing of prejudice, did not require such a showing at the time the policy was issued (*see Argo Corp. v Greater N.Y.*

*Mut. Ins. Co.*, 4 NY3d 332 [2005]; Insurance Law § 3420, as amended by L 2008, ch 388, §§ 2-6, eff Jan. 17, 2009). Having been provided to defendant 18 months after the occurrence and 3 months after the underlying litigation was commenced, the notice of occurrence was untimely as a matter of law (*see e.g. Tower Ins. Co. of N.Y. v Classon Hgts., LLC*, 82 AD3d 632 [1st Dept 2011]). Thus, the validity of defendant's disclaimer of coverage on the ground of late notice of occurrence turns on whether New York law or New Jersey law governs this dispute.

We find, under the standard "grouping of contacts" analysis, that New York law governs (*see Matter of Midland Ins. Co.*, 16 NY3d 536, 543 [2011]; *Illinois Natl. Ins. Co. v Zurich Am. Ins. Co.*, 107 AD3d 608 [1st Dept 2013]). The contract between contractor Jansons Associates, Inc. and the construction manager was related to a project located in New York (at 425 Fifth Avenue in Manhattan). It appears to have been executed in New York. It required Jansons to carry insurance and to name Davis & Partners and RFD 425 Fifth Avenue, both New York entities, as additional insureds under the policy. It contains a choice-of-law provision naming New York as the forum and the governing law of choice. The "occurrence" under the policy and the ensuing litigation occurred in New York. These factors outweigh the fact that Jansons's principal place of business is in New Jersey. As the "principal location of the insured risk," New York has "the most 'significant relationship to the transaction and the parties' " (*Matter of Midland Ins. Co.*, 16 NY3d at 544). Thus, defendant was not required to show prejudice as a result of the untimely notice, and its disclaimer of coverage on the ground of late notice was valid. Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.