In a proceeding pursuant to CPLR article 75, inter alla, to modify an arbitration award dated August 8, 2012, the petitioner appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated February 20, 2013, as denied that branch of the petition which was to modify the award and, pursuant to CPLR 7511 (e), confirmed the award, and (2) from a corrected judgment of the same court dated July 11, 2013, which, upon the order, is in favor of the respondent and against it in the principal sum of $250,000, as damages for wrongful death and pain and suffering.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the corrected judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondent.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the corrected judgment (see CPLR 5501 [a] [1]).
In this proceeding, which arises from an underlying medical malpractice action, the petitioner sought, inter alla, to modify an arbitration award, pursuant to CPLR 7511 (c) (2), by vacating that portion of the award which awarded damages for wrongful death. CPLR 7511 (c) (2) states that a court should modify an arbitration award if “the arbitrators have awarded *773 upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted.” Here, the petitioner offered no evidence to support its contention that a wrongful death claim was not submitted to the arbitrator. Contrary to the petitioner’s contention, it did not meet its burden of demonstrating that a wrongful death claim was not submitted to the arbitrator simply by demonstrating that the complaint in the underlying action did not specifically set forth a cause of action alleging wrongful death (see generally Matter of Disston Co. [Aktiebolag], 176 AD2d 679 [1991]). Moreover, the subject award begins by stating that “[t]his is an action in which plaintiff Irene Bielen . . . seeks recovery for allegations of medical malpractice and wrongful death” (emphasis added).
Under these circumstances, the Supreme Court properly denied that branch of the petition which sought to modify the subject arbitration award and, pursuant to CPLR 7511 (e), confirmed the award (see generally Matter of Silverman [Benmor Coats], 61 NY2d 299 [1984]).
The petitioner’s remaining contentions are either based on matter dehors the record or need not be reached in light of our determination. Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.