■ SKY MATERIALS CORP., Respondent, v EVEREST REINSURANCE COMPANY, Appellants. [6 NYS3d 31]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 9, 2014, which granted plaintiff Sky Materials Corp.'s motion for summary judgment declaring that defendants must defend and indemnify plaintiff in the underlying third-party action, and denied defendants' cross motion for a contrary declaration, unanimously reversed, on the law, with costs, plaintiff Sky Materials Corp's motion denied, defendants' cross motion for summary judgment granted, and it is declared that defendants have no duty to defend or indemnify plaintiff in the third-party action. The Clerk is directed to enter judgment accordingly.

Even if plaintiff's coverage should be reinstated under Insurance Law § 2121, and if issues of fact exist as to whether the injured claimant's accident resulted from plaintiff's covered operation, Sky's failure to provide notice of the accident vitiated any coverage available under the Everest Indemnity Policy for the claims at issue. Based on the record evidence, Sky learned of the accident, at the latest, four days after it occurred, and thought that the Everest Indemnity Policy was still in effect. Despite this awareness, Sky failed to provide Everest with timely notice of the December 18, 2008 accident and the subsequent litigation stemming from that accident until serving its complaint in this declaratory judgment action on or after June 23, 2011, more than 2½ years after the accident occurred. This delay constituted a breach of the Everest Indemnity Policy's notice condition, which requires Sky to

provide notice "as soon as practicable" of any occurrence which may result in a claim or upon the commencement of any lawsuit, and Sky's 30-month delay in providing notice was unreasonable as a matter of law (*see Tower Ins. Co. of N.Y. v Classon Hgts., LLC*, 82 AD3d 632, 634 [1st Dept 2011]).

The affidavit submitted by Sky's president stating that it "has always been" Sky's "custom and practice" to submit timely notice of accidents and lawsuits to its broker and insurer and that, based on this custom and practice, its former employee would have contacted its broker, as well as Everest, to notify them of the occurrence, was insufficient to rebut defendants' prima facie entitlement to summary judgment. Where the information supposedly necessary to defeat a motion for summary judgment could have been produced by the opponent, the alleged existence of such information will not warrant denial of the motion (*see Johnson v Phillips*, 261 AD2d 269, 270 [1st Dept 1999]). Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.