Cohen v Sive, Paget & Riesel, P.C. (2018 NY Slip Op 04446)





Cohen v Sive, Paget & Riesel, P.C.


2018 NY Slip Op 04446


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6898 154650/13

[*1]Betty Cohen, et al., Plaintiffs-Respondents,
v
Sive, Paget & Riesel, P.C., Defendant-Appellant, Steven Barshov, Defendant.


Kritzer Law Group, Smithtown (Karl Zamurs of counsel), for appellant.
Goldberg Cohen, LLP, New York (Morris E. Cohen of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 30, 2017, which, to the extent appealed from, denied defendant Sive, Paget & Riesel, P.C.'s motion for summary judgment dismissing the cause of action for legal malpractice as against it, unanimously affirmed, without costs.
Defendant argues that its failure to advise plaintiffs of the condition in their insurance policy requiring them to provide the insurance company with prompt notice of their claim was not the proximate cause of plaintiffs' damages. Defendant contends that, by the time plaintiffs retained it as counsel, more than a month had passed since they had learned of the damage implicating the policy, and thus the insurance company would have declined coverage anyway, based on plaintiffs' unreasonably delayed notice (see Young Israel Co-Op City v Guideone Mut. Ins. Co., 52 AD3d 245 [1st Dept 2008]; Pandora Indus. v St. Paul Surplus Lines Ins. Co., 188 AD2d 277 [1st Dept 1992]). However, the record does not conclusively demonstrate a delay of that length; issues of fact exist as to when the notification obligation was triggered.
Defendant's contention that the legal malpractice claim should be dismissed as speculative is without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK