Matter of Yates v County of Nassau (2019 NY Slip Op 01219)





Matter of Yates v County of Nassau


2019 NY Slip Op 01219


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04622
 (Index No. 577/17)

[*1]In the Matter of John Guthrie Yates, respondent,
v
County of Nassau, appellant.


Carnell T. Foskey, County Attorney, Mineola, NY (Christi Marie Kunzig of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate an arbitration award dated October 31, 2014, the County of Nassau appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered April 4, 2017. The order, insofar as appealed from, pursuant to CPLR 7511(e), confirmed an "opinion and award" dated September 26, 2013, a "final award" dated October 31, 2014, and a "consent award" dated July 15, 2015.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs.
Effective August 4, 2011, the petitioner was terminated from his employment as a sewage treatment operator with the County of Nassau. Thereafter, the petitioner filed a grievance pursuant to a collective bargaining agreement between the County and the Civil Service Employees Association, and the matter proceeded to arbitration. After a hearing, the arbitrator issued an "opinion and award" dated September 26, 2013, a "final award" dated October 31, 2014, and a "consent award" dated July 15, 2015.
In late February 2017, the petitioner commenced this proceeding pursuant to CPLR article 75, inter alia, to vacate the final award dated October 31, 2014, and to "reopen" the opinion and award dated September 26, 2013. The petitioner did not seek any relief from the consent award dated July 31, 2015. The County opposed the petition, arguing, inter alia, that the proceeding was time-barred. The Supreme Court denied the petition, dismissed the proceeding as time-barred, and, pursuant to CPLR 7511(e), confirmed the "awards of the arbitrator." The County appeals from so much of the order as confirmed the three arbitration awards.
We disagree with the Supreme Court's determination confirming the three arbitration awards (see CPLR 7511[a]). The court, upon determining that the proceeding was time-barred, should not have taken the additional step of confirming the three awards. Initially, neither the petitioner nor the County commenced a proceeding or moved to confirm any of the three awards (see CPLR 7510). Although CPLR 7511(e) provides, in relevant part, that "upon the denial of a motion to vacate or modify, [the court] shall confirm the award," such directive applies where an application to vacate or modify an arbitration award has been denied on the merits (see generally Matter of County of Rockland v Bielen, 116 AD3d 772; Matter of Klein v GEICO Gen. Ins. Co., 109 AD3d 825). Where a proceeding is time-barred, the court has no discretion to address the merits (see Matter of Green v Manhattan Community Bd. 10, 129 AD3d 588). Moreover, to do so here would [*2]have the practical effect of impermissibly extending the statutory time limitations contained in CPLR article 75 (see CPLR 201; Matter of Thorton v New York City Hous. Auth., 100 AD3d 556; see generally Matter of AJM Capital II, LLC v Long Is. R.R. Co., 131 AD3d 474). Finally, to automatically confirm the three awards, when the proceeding to vacate/modify two of the awards is time-barred and there has been no application to confirm any of the awards, deprived the County of an opportunity to object to confirmation (see Moye v Thomas, 153 AD2d 673).
Accordingly, the Supreme Court, after denying the petition and dismissing the proceeding as time-barred (see CPLR 7511[a]), should not have confirmed the three awards pursuant to CPLR 7511(e).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court