■ Venice Anglero, Plaintiff, v The George Units, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. RLI Insurance Company, Third-Party Defendant-Respondent. [877 NYS2d 296]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 19, 2008, which granted third-party defendant's motion for summary judgment declaring that it has no duty to defend or indemnify defendants and third-party plaintiffs (insureds) in the underlying action, unanimously affirmed, without costs.

The motion court properly found that the insureds' one-year delay in notifying third-party defendant of the subject accident was unreasonable as a matter of law (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]). The record shows that after falling on a wet floor in the insureds' premises, the plaintiff in the underlying action was taken away from the accident location by ambulance, and that the insureds' superintendent had knowledge of the accident on the day it occurred and subsequently saw plaintiff on the premises using a cane. Under the circumstances, there are no triable issues as to whether the insureds' delay in giving notice was reasonably founded upon a good faith belief of nonliability (*see Tower Ins. Co. of N.Y. v Lin Hsin Long* Co., 50 AD3d 305, 307-308 [2008]; *Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 240-242 [2002]). Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.