(October 14, 2010)

■ Tower Insurance Company of New York, Respondent, v Red Rose Restaurant, Inc., et al., Appellants. [908 NYS2d 681]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered February 13, 2009, inter alia, declaring that

plaintiff insurer has no obligation to defend or indemnify defendants Red Rose Restaurant and the Romanos (the insureds) in an underlying personal injury action, unanimously affirmed, without costs.

The policy required the insureds to notify plaintiff of a possible claim as soon as practicable. The insureds became aware of defendant Maryann Peluso's accident on the night it occurred, but failed to notify the insurer of the possibility of a claim until 14 months later. An insured's good faith belief in its nonliability may excuse the failure to give timely notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]). "However, where a reasonable person could envision liability, that person has a duty to make some inquiry" as to potential liability (*see White v City of New York*, 81 NY2d 955, 958 [1993]). Here, the insureds failed to describe any action they took to ascertain the possibility of their liability for the accident. Since they knew that Peluso fell on or near their premises, assisted her, watched as she was taken away in an ambulance, and knew that her mother-in-law lived nearby and frequented the restaurant, the insureds "had both the ability and the responsibility to investigate the outcome of the accident" and determine for certain the location and the cause of her fall (*SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 585 [1998]; *see also White*, 81 NY2d at 958). Their failure to do so belies any claim that they had a good faith belief in their nonliability (*York Speciality Food, Inc. v Tower Ins. Co. of N.Y.*, 47 AD3d 589 [2008]). Thus the 14-month delay in notifying the insurer was inexcusable (*see e.g. id.*).

The insureds' purported belief that Peluso fell on the abutting public sidewalk, as opposed to the restaurant steps, would not have relieved them of their duty to notify the insurer. Administrative Code of the City of New York § 7-210, which was in effect when the accident occurred, requires an abutting property owner to maintain a public sidewalk in a reasonably safe condition. The insureds' ignorance of this provision would not have excused their noncompliance with the policy requirement to notify plaintiff of the occurrence as soon as practicable (*see e.g. Greyhound Corp. v General Acc. Fire & Life Assur. Corp.*, 14 NY2d 380, 388 [1964, Fuld, J., concurring]).

The court properly exercised its discretion in denying the Peluso claimants' cross motion herein to strike the complaint. Plaintiff did not refuse to comply with the Pelusos' discovery demand; rather it produced the reports of its investigation, redacting only those portions that were privileged (*see Recant v Harwood*, 222 AD2d 372, 374 [1995]). As the Pelusos never

sought to compel production of the redacted material, the court never determined that the material sought should have been disclosed, and no order was ever entered compelling plaintiff to produce material alleged to have been wilfully withheld, there is no basis for a sanction against plaintiff (*see Zletz v Wetanson*, 67 NY2d 711 [1986]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2009 NY Slip Op 30221(U).]**