■ TOWER INSURANCE OF NEW YORK, Respondent, v AMSTERDAM APARTMENTS, LLC, et al., Appellants, et al., Defendant. [918 NYS2d 106]—

Where an insurance policy mandates that notice of an occurrence be given to the insurer "as soon as practicable," the insured's failure to do so vitiates the insurance contract (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]).

The insureds' building superintendent's knowledge of the accident and injuries is imputable to the appellant building owners (*see Anglero v George Units, LLC*, 61 AD3d 564, 565 [2009]). Appellants' reference to the subject building manager's statement in his affidavit that Ana Hernandez was not the building's superintendent is insufficient to raise a triable issue of fact, as it is directly contradicted by the manager's earlier statement at his deposition that Hernandez was, in fact, the superintendent (*see Roimesher v Colgate Scaffolding & Equip. Corp.*, 77 AD3d 425, 426 [2010]; *Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]).

Accordingly, Supreme Court correctly found that appellants had knowledge of the occurrence about 76 days before notifying the insurer. As such, the notice was untimely as a matter of law (*see Juvenex Ltd. v Burlington Ins. Co.*, 63 AD3d 554 [2009] [two-month delay untimely]; *Young Israel Co-Op City v Guideone Mut. Ins. Co.*, 52 AD3d 245 [2008] [40-day delay untimely]; *Pandora Indus. v St. Paul Surplus Lines Ins. Co.*, 188 AD2d 277 [1992] [31-day delay untimely]).

Failure to give timely notice may be excused if the insured has a good faith belief of nonliability, but only if such belief is reasonable (*see Great Canal Realty Corp.*, 5 NY3d at 743-744). In the case at bar, even assuming the appellants' property manager believed that the injured party would not assert a claim against the building owner, such belief was not reasonable. First, notwithstanding the fact that the property manager may have understood, based on his conversation with the building's superintendent, that Marin's injury was not serious, he still had the duty to report the possibility of a claim as soon

as practicable (*see Republic N.Y. Corp. v American Home Assur. Co.*, 125 AD2d 247, 248 [1986]). Second, it is undisputed that the appellants did not undertake any investigation of the incident, or make inquiry regarding the property manager's alleged belief that the injury was slight. Thus, the appellants could not have formed a reasonable belief of nonliability (*see Great Canal Realty Corp.*, 5 NY3d at 744; *Tower Ins. Co. of N.Y. v Jaison John Realty Corp.*, 60 AD3d 418, 419 [2009]). Moreover, where, as here, the building superintendent observed Marin bleeding from the head and being removed from the accident scene by ambulance, it was not reasonable for the appellants to fail to notify plaintiff of the occurrence at that time (*see Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 307-308 [2008]; *Anglero*, 61 AD3d at 565).

Supreme Court also properly held that one of the appellants, FY 1661 Park LLC doing business as Townhouse Management Company, which was not named as an insured in relation to the building at which the accident occurred, was not entitled to coverage in any event. A party not named as an insured or additional insured on the face of the policy is not entitled to coverage (*see Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386, 388 [2006]; *Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337, 339 [2003]). That such appellant, an affiliate of the other appellants, was allegedly insured in relation to a different property included in the policy, is irrelevant (*see Pendill v Furry Paws, Inc.*, 29 AD3d 453, 454 [2006]).

In light of our determination, we do not reach the parties' remaining contentions concerning the policy's exclusion for "Designated Ongoing Operations." Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.