■ 310 East 74 LLC et al., Appellants, v Fireman's Fund Insurance Company, Doing Business as Interstate Indemnity Company, Respondent. [964 NYS2d 512]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 16, 2012, which granted defendant's motion for summary judgment declaring that defendant has no duty to defend or indemnify plaintiffs in an underlying personal injury action or to reimburse them for attorneys' fees in defense of that action, and denied plaintiffs' cross motion for summary judgment declaring that defendant is obligated to defend and indemnify them in the underlying action, unanimously affirmed, without costs.

Plaintiffs' seven-month delay in notifying defendant insurer of the subject accident was unreasonable as a matter of law (see Tower Ins. Co. of N.Y. v Classon Hgts., LLC, 82 AD3d 632, 634 [1st Dept 2011]). Furthermore, plaintiffs failed to meet their burden to raise a triable issue of fact as to whether they had a reasonable, good-faith belief in their nonliability (see id.; Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235, 239-240 [1st Dept 2002]).

The record shows that after the plaintiff in the underlying action fell off a ladder while removing insulation from the chimney of a building owned and managed by plaintiffs, the building superintendent arrived and found the injured person leaning against a wall in the basement, and he appeared to be in pain. The superintendent then watched as the injured worker was helped into a taxi by two others. Although the superintendent did not recall whether the taxi was taking the worker to obtain medical attention, the circumstances suggested that possibility. Thus, the superintendent, whose knowledge is imputed to plaintiffs (see Tower Ins. of N.Y. v Amsterdam Apts., LLC, 82 AD3d 465 [1st Dept 2011]), could not have had a good faith belief in nonliability without conducting a more thorough inquiry into the matter (see Tower Ins. Co. of N.Y. v Red Rose Rest., Inc., 77 AD3d 453 [1st Dept 2010]; Anglero v George Units, LLC, 61 AD3d 564 [1st Dept 2009]).

Plaintiffs' subsequent communications with the worker's boss, in which he made statements to the effect that he was going to take care of the worker, did not constitute an adequate inquiry, in the absence of any evidence that plaintiffs diligently sought to learn of the extent of the worker's injuries (see Board of Mgrs. of the 1235 Park Condominium v Clermont Specialty Mgrs., Ltd., 68 AD3d 496 [1st Dept 2009]). The need to

investigate the matter was particularly apparent since the accident involved a construction worker falling off a ladder while working on plaintiffs' property, thereby subjecting them to potential liability pursuant to the Labor Law (*see id.*; *QBE Ins. Corp. v D. Gangi Contr. Corp.*, 66 AD3d 593, 594 [1st Dept 2009]). Moreover, when an investigator showed up to take photographs of the premises, and the superintendent understood that he was there on the worker's behalf, plaintiffs were effectively on notice of the likelihood of the underlying personal injury claims. Plaintiffs' professed ignorance of the scope of landowners' liability for accidents suffered by construction workers pursuant to the Labor Law does not establish a reasonable belief in nonliability (*see e.g. Tower Ins. Co. of N.Y. v Red Rose Rest., Inc.*, 77 AD3d at 454).

Furthermore, contrary to plaintiffs' contention, defendant "was not required to demonstrate any prejudice resulting from the claimed untimely notice, as its policy predated the effective date of the amendments to Insurance Law § 3420 (a) (5) that now requires such showing" (*25 Ave. C New Realty, LLC v Alea N. Am. Ins. Co.*, 96 AD3d 489, 491 [1st Dept 2012]). Concur— Andrias, J.P., Saxe, Freedman and Román, JJ.