Order, Supreme Court, New York County (Cynthia Kern, J.), entered April 26, 2012, which denied plaintiffs motion for summary judgment declaring that it has no duty to defend or indemnify defendants Metro Property Group, LLC, 2710 Valentine LLC, JC Neptune LLC, and 718 West 178th St. LLC (collectively Metro) in the underlying action and for default judgments against defendants Camara and Rex Management Corp., and dismissed the complaint against Camara and Rex as abandoned, unanimously modified, on the law, the complaint reinstated against Camara and Rex, and otherwise affirmed, without costs.
Plaintiffs disclaimers were based on the August 2007 Commissioner of Health order to abate nuisance, which was insufficiently specific to trigger the insured’s obligation to notify plaintiff of a potential claim (see Scharf v Generali—U.S. Branch, 259 AD2d 349 [1st Dept 1999]; Public Serv. Mut. Ins. Co. v AYFAS Realty Corp., 234 AD2d 226 [1st Dept 1996], lv dismissed 90 NY2d 844 [1997]).
In support of its motion for summary judgment, plaintiff submitted a statement given by the building superintendent to an investigator plaintiff hired after receiving a notice of claim on behalf of Metro. The superintendent stated that in 2007 Camara told him that his son had an elevated blood lead level and that he was “making a claim.” However, plaintiff did not mention this statement in its disclaimer. In any event, issues of fact exist as to the reliability of the statement, which did not comply with the requirement of CPLR 2101 (b) as to affidavits in a foreign language. Moreover, while the building superintendent’s knowledge of the events relevant to the claim is imput *577 able to the building owners, his own statement dates his knowledge to the time when the building was owned and managed by defendants Wittenberg and Rex, not Metro (see Tower Ins. of N.Y. v Amsterdam Apts., LLC, 82 AD3d 465 [1st Dept 2011]).
We find that since plaintiff did not intend to abandon its action against Camara and Rex—it engaged in discovery and motion practice against them—and neither Camara nor Rex has been prejudiced in any way, the complaint should not have been dismissed as against them.
We have reviewed plaintiffs remaining contentions and find them unavailing. Concur—Tom, J.E, Acosta, Renwick, DeGrasse and Richter, JJ. [Prior Case History: 2012 NY Slip Op 31143(U).]