■ TURNER CONSTRUCTION COMPANY et al., Appellants, v THE HARLEYSVILLE WORCESTER INSURANCE COMPANY, Respondent, et al., Defendant. [5 NYS3d 422]—

Appeal from order and judgment (one paper), Supreme Court, New York County (Joan M. Kenney, J.), entered October 3, 2013, declaring that defendant Harleysville Worcester Insurance Company is not obligated to defend or indemnify plaintiffs in the underlying personal injury action, and dismissing the complaint as against it, deemed appeal from judgment, entered November 26, 2013 (CPLR 5501 [c]), dismissing the complaint

as against Harleysville, and, so considered, said judgment unanimously modified, on the law, to declare that Harleysville is not obligated to defend or indemnify plaintiffs in the underlying action, and otherwise affirmed, without costs.

Even if all the plaintiffs in this action had additional insured status under the insurance policy issued by defendant Harleysville, they would not be entitled to coverage because they failed to give Harleysville notice of the occurrence as soon as practicable, as required by the policy (*see Tower Ins. of N.Y. v Amsterdam Apts., LLC*, 82 AD3d 465 [1st Dept 2011]). Plaintiffs did not notify Harleysville of the injured worker's accident until June 25, 2008, nine months after the accident occurred and more than two months after the personal injury action was commenced, on April 15, 2008.

Plaintiffs' belief that no claim would be asserted against them was not reasonable (*see e.g. Tower Ins. Co. of N.Y. v Classon Hgts., LLC*, 82 AD3d 632, 635 [1st Dept 2011]). They were aware that the injured claimant was on a gurney and removed from the construction site by boat and transported to the hospital by ambulance on the day of the accident. We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.