■ FREEWAY COMPANY, LLC, Appellant, v TECHNOLOGY INSURANCE COMPANY, INC., Respondent, et al., Defendant. [31 NYS3d 467]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 28, 2015, which denied plaintiff's motion for summary judgment declaring that defendant Technology Insurance Company, Inc. has a duty to defend and indemnify plaintiff in the underlying action, and granted Technology's motion for summary judgment declaring in its favor, and dismissed the complaint, unanimously modified, on the law, to declare that Technology has no duty to defend or indemnify plaintiff in the underlying action, and otherwise affirmed, without costs.

Plaintiff failed to establish prima facie that its failure to give timely notice of the occurrence to Technology should be excused on the ground that it had a reasonable belief in non-liability (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436 [1972]; *SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583 [1st Dept 1998]). The record demonstrates that plaintiff unreasonably failed to keep itself informed of potential claims for damages arising from the incident (*see e.g. 310 E. 74 LLC v Fireman's Fund Ins. Co.*, 106 AD3d 469 [1st Dept 2013]; *Tower Ins. of N.Y. v Amsterdam Apts., LLC*, 82 AD3d 465 [1st Dept 2011]).

Further, Technology was not required to show that it was prejudiced as a result of plaintiff's late notice, because the subject policy was issued before Insurance Law § 3420 was amended to provide that an insurer could disclaim coverage based on untimely notice only if it was prejudiced by the untimely notice (*see id.* § 3420 [5]). The amendment expressly applies to policies issued on or after its effective date, January 17, 2009 (L 2008, ch 388, § 8).

We have considered plaintiff's remaining contentions and find them unavailing.

While the motion court reached the correct result, we note that where, as here, a declaratory judgment action is resolved on the merits against the plaintiff, the proper course is to declare in favor of the defendant, rather than dismiss the action (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.