# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**205**
**CA 16-00363**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND SCUDDER, JJ.

---

BN PARTNERS ASSOCIATES, LLC, LECHASE
CONSTRUCTION SERVICES, LLC, AND THE
GOLUB CORPORATION,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

                           V                                    MEMORANDUM AND ORDER

SELECTIVE WAY INSURANCE CO.,
DEFENDANT-APPELLANT-RESPONDENT,
AND JAG I, LLC, DEFENDANT.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

WOODS OVIATT GILMAN LLP, ROCHESTER (JENNIFER SCHAUERMAN OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered March 31, 2015. The order, among other things, denied plaintiffs' motion for summary judgment and granted in part the cross motion of defendant Selective Way Insurance Co. for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion of defendant Selective Way Insurance Co. in its entirety and granting judgment in favor of that defendant as follows:

>       It is ADJUDGED and DECLARED that defendant Selective
> Way Insurance Co. is not obligated to defend and indemnify
> plaintiffs in the underlying action,

and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking a declaration that defendant Selective Way Insurance Co. (Selective) is obligated to defend and indemnify plaintiffs in the underlying personal injury action pursuant to a commercial general liability insurance policy issued to defendant JAG I, LLC (JAG). The underlying action arose when an employee of JAG was injured while working on property owned by plaintiff BN Partners Associates, LLC (BN) and leased to plaintiff The Golub Corporation (Golub) pursuant to a subcontract between JAG and plaintiff LeChase Construction Services, LLC (LeChase), the general contractor.

The employee commenced the underlying action against BN and LeChase on June 16, 2011, and commenced a related action against Golub on October 5, 2011. Thereafter, plaintiffs commenced the instant action on November 30, 2012. Selective answered, asserting several affirmative defenses including that plaintiffs did not timely notify Selective of the claim or the underlying lawsuit, and that plaintiffs failed to immediately forward copies of legal papers received in connection with the lawsuit. Selective therefore asserted that it had no obligation to defend or indemnify plaintiffs.

Plaintiffs moved for, inter alia, summary judgment on their declaratory judgment cause of action on the ground that they provided timely notice to Selective in the form of (1) a letter that LeChase's insurance carrier sent to JAG, dated September 27, 2011, informing it of the lawsuit and advising JAG to turn the matter over to its general liability carrier, and (2) a voicemail message with JAG's insurance agent following up on that letter. Selective cross-moved for summary judgment, seeking a declaration that it has no obligation to defend or indemnify plaintiffs in the underlying lawsuit because, inter alia, it did not receive notice of the claim or lawsuit until December 5, 2012, when it was served in the instant matter, and that a delay of nearly 17 months after plaintiffs learned of the lawsuit is untimely as a matter of law. Selective further argued that notice to JAG's insurance agent did not suffice insofar as it was not written notice as required by the policy and was not notice to Selective's agent.

Supreme Court determined, inter alia, that BN and Golub did not provide Selective with any notice of the underlying occurrence or claim, but that there is a question of fact whether LeChase had done so. That was error. We conclude that plaintiffs did not provide Selective with notice of the claim or lawsuit as required under the policy and, thus, the court should have granted that part of Selective's cross motion seeking a declaration that Selective had no duty to defend or indemnify plaintiffs in the underlying action. Furthermore, we note that the court failed to declare the rights of the parties in connection with the duty to defend and indemnify (*see Kemper Independence Ins. Co. v Ellis*, 128 AD3d 1529, 1530). We therefore modify the order accordingly.

It is well settled that, "[i]n determining a dispute over insurance coverage, we first look to the language of the policy" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . , and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267). "If the terms of a policy are ambiguous, however, any ambiguity must be construed in favor of the insured and against the insurer" (*id.; see Christodoulides v First Unum Life Ins. Co.*, 96 AD3d 1603, 1604-1605). Further, "[n]otice requirements are to be liberally construed in favor of the insured, with substantial, rather than strict, compliance being adequate" (*Greenburgh Eleven Union Free Sch. Dist. v National Union Fire Ins. Co. of Pittsburgh, PA*, 304 AD2d 334, 335-336).

Here, we conclude that the policy unambiguously requires an insured to provide Selective with written notice of a claim or lawsuit brought against an insured and to send Selective copies of any legal papers received in connection with the claim or lawsuit. We further conclude that Selective met its initial burden of establishing that plaintiffs failed to provide notice of the claim or lawsuit as a matter of law inasmuch as Selective's employee averred that Selective did not receive notice of the underlying lawsuit until nearly 17 months after the undisputed latest date when plaintiffs learned of the underlying lawsuit and where plaintiffs offered no excuse for the delay (*see Anglero v George Units, LLC*, 61 AD3d 564, 565; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 461-462; *Zugnoni v Travelers Ins. Cos.*, 179 AD2d 1033, 1033).

Plaintiffs failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We reject plaintiffs' contention that they provided Selective with adequate notice via the voicemail message left with JAG's insurance agent and the letter sent to JAG informing each of the underlying lawsuit. The inadmissible double hearsay submitted by plaintiffs with respect to the letter is, standing alone, insufficient to defeat Selective's cross motion (*see Raux v City of Utica*, 59 AD3d 984, 985). Inasmuch as the plain language of the policy requires that plaintiffs "see to it that [Selective] receive[s] *written notice* of the claim or 'suit' as soon as practicable" ([emphasis added]; *see Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 49-50, *affd* 66 NY2d 1020), we conclude that a telephonic voicemail message does not constitute the requisite notice in writing (*see First City Acceptance Corp. v Gulf Ins. Co.*, 245 AD2d 649, 651). We reject plaintiffs' further contention that JAG's insurance agent was an agent of Selective (*cf. U.S. Underwriters Ins. Co. v Manhattan Demolition Co.*, 250 AD2d 600, 600-601).

Finally, we reject plaintiffs' contention that Selective's decision to afford JAG a courtesy defense raised an issue of fact with respect to the timeliness of plaintiffs' notice to Selective. We conclude that Selective used the same standard in determining whether to afford plaintiffs a defense as it did with respect to JAG (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 715), and that questions concerning the reasonableness of JAG's failure to provide timely notice warranted the provision of a courtesy defense rather than an outright disclaimer of the duty to defend and indemnify (*see generally Lang v Hanover Ins. Co.*, 3 NY3d 350, 356).

In light of the foregoing determinations, we need not address plaintiffs' remaining contentions.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court